## TUCKER v. WHITE and Others.

To determine the time when, after the stay of a judgment, an execution may issue, the day on which the replevin bail is entered should be counted.

APPEAL from the *Hamilton* Circuit Court.

Tucker *v.* White and Others.

PERKINS, J.—This was an action to recover possession of real property. To show title under a sheriff's sale, the plaintiff, among other items of evidence, offered an execution issued on the 20th of September, upon a judgment entered upon the records of the Court, which records, it is not, denied in the briefs, were signed on the 24th of March. Replevin bail had been entered for the stay of execution upon the judgment for one hundred and eighty days "from the time of signing the judgment." 2 G. & H., p. 233. The execution was objected to, as having been prematurely issued, and as being, consequently, void, and the Court sustained the objection. Whether the objection would have been valid, had it been true in point of fact, we need not decide, as it was not true in point of fact.

The judgment was signed on the 24th of March, and execution could have issued upon it on that day, had it not been stayed by bail. The 24th of March, then, is one of the one hundred and eighty days for which execution was stayed.

Execution was stayed then:

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| In March, | - | - | - | 8 | days. |
| In April, | - | - | | 30 | days. |
| In May, | - | - | - | 31 | days. |
| In June, | - | - | - | 30 | days. |
| In July, | - | - | - | 31 | days. |
| In August, | - | - | - | 31 | days. |

|  |  |  |
|---|---|---|
| Making - - | 161 | days. |
| It requires in September, - | 19 | days, |

|  |  |  |
|---|---|---|
| To make the - - | 180 | days. |

The statute says, that "at the expiration of the stay, it shall be the duty of the clerk to issue," etc. 2 G. & H., p. 236.

This is not a case where the statute requires an act to be done, like the granting of a new trial, for example, within

a given number of days. 2 G. & H. 332. The question in the case at bar is, when did one hundred and eighty days from an act done, viz.: "the signing of the judgment," expire.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded for a new trial.

*J. E. McDonald, A. L. Roache, D. Moss,* and *Joseph A. Lewis,* for the appellant.

*S. Major,* for the appellee.