### Isaiah Atkins *vs.* Solomon S. Sleeper.

A lease for a term of years " from the first day of July " begins on the second of July.

Contract brought to recover rent of a store in Milk Street, in Boston, from the 1st of October 1861 to the 1st of January 1862.

At the trial in the superior court, before *Russell*, J., it appeared that the plaintiff made a lease of the store to the defendant, with his partners, " for the term of three years from the first day of July 1858," for the rent of $1800 a year, payable quarterly, and the lessees covenanted, amongst other things, to pay the rent for such further time as they might hold the same. On the 1st of July 1861 the defendant left at the plaintiff's dwelling-house written notices that he and his firm should vacate the store on or before the 1st of October 1861, to which the plaintiff made no reply; and on said 1st of October the store was accordingly vacated, and notice thereof was given and the keys

were delivered to the plaintiff, who replied that he considered the defendant as still his tenant, and should look to him for payment of the quarter's rent. The plaintiff received and signed receipts for all the rent due on the 1st of October; and the store remained vacant, the plaintiff refusing applications for the same, until January 1st 1862. Various questions arose in the case, which are rendered immaterial by the opinion.

Under the instructions of the court the jury rendered a verdict for the defendant, and the plaintiff alleged exceptions.

*R. D. Smith*, for the plaintiff, cited *Bay State Bank* v. *Kiley*, 14 Gray, 492; *Marys* v. *Anderson*, 24 Penn. State R. 272; *Donaldson* v. *Smith*, 1 Ashm. (Penn.) 197; *Granger* v. *Brown*, 11 Cush. 191, and cases cited.

*T. H. Russell*, for the defendant.

CHAPMAN, J. The original lease from the plaintiff to the defendant was "for the term of three years from the first day of July 1858." The plaintiff contends that the term commenced on the 1st day of July, and the defendant contends that it commenced on the next day. The inclusion or exclusion of the day of the date of an instrument, in the computation of time, has been a much vexed point; but in a case like the present the authorities are in favor of the defendant. In 4 Cruise Dig. (Greenl. ed.) tit. xxxii. *c.* 5, § 16, the rule is stated to be, that if a lease be made to hold from the date, or the day of the date, that day is excluded; but if it be to hold from the making, it includes the day. It is stated in still better phraseology in § 17, *n.* 2. Where time is computed from an act done, the general rule is to include the day. Where it is computed from the day of the act done, the day is excluded. The same rule is stated in 2 Parsons on Con. 179, *n.* It has been adopted by this court, and must be regarded as settled in this commonwealth. *Bigelow* v. *Willson*, 1 Pick. 494. *Wiggin* v. *Peters*, 1 Met. 127. *Farwell* v. *Rogers*, 4 Cush. 460. *Seekonk* v. *Rehoboth*, 8 Cush. 371. *Buttrick* v. *Holden*, Ib. 233. *Exceptions overruled.*