STATE *vs.* JAMES BUSHEY.

Kennebec. Opinion April 22, 1892.

*Indictment. Pleading. Venue. Intoxicating Liquors. R. S., c. 131, § 2.*

An indictment which avers an illegal transportation of intoxicating liquors from a place in Waldo county to Clinton and Waterville in Kennebec county,

does not charge the commission of any part of the offense within Kennebec county; the latter places being towns in Kennebec county on the line between the two counties, and there being no other averment of venue in the indictment.

ON EXCEPTIONS.

The case is stated in the opinion.

*L. T. Carleton,* County Attorney, for the State.

*F. A. Waldron,* for defendant.

PETERS, C. J.   The case finds that the respondent was tried upon the second count in an indictment, in which count it is alleged that he unlawfully transported liquors on a certain day " from Burnham in the county of Waldo to Clinton in the county of Kennebec." The only variation from this in either of the other counts is in the third, in which a distinct and different offense is alleged of the transportation of liquors " from the Maine Central Railroad depot in Burnham in Waldo county to Clinton and Waterville in the county of Kennebec."

A motion in arrest was filed and overruled, and exceptions taken.   The question on such motion is whether any part of the offense is alleged to have been committed in the county of Kennebec.   Upon the rules of criminal pleading, we think not. The *termini* named are border towns in different counties.   The transportation was " to " the town of Clinton, not into or within it.   Going to a line is not going beyond it,— is not crossing the line.   The description is of the territory of towns and not of villages or settlements.   Kennebec county is excluded from the transportation.   Very likely there is a route for travel from one of the towns named to the other without crossing into Kennebec county.

To, from, or by, are terms of exclusion, unless by necessary implication they are manifestly used in a different sense.   Such is the rule of construction even in civil cases.   *Bradley* v. *Rice,* 13 Maine, 198.   And that which would not be *ex proprio vigore* a good description in a deed would not be such in a complaint or indictment.   *State* v. *Burke,* 66 Maine, 127.   "From" an object or "to" an object excludes the terminus referred to. *Bonney* v. *Morrill,* 52 Maine, 252.   But, in all matters of

criminal pleading, the want of a direct and positive allegation in the description of the substance, nature or manner of the offense, cannot be supplied by any intendment, argument or implication whatever. The charge must be laid positively and not inferentially. *State* v. *Paul*, 69 Maine, 215 and cases cited.

The other points presented by the case need not be discussed, as they are superseded by the point decided. The provision of R. S., c. 131, § 2, does not apply here. That relates to the admission of proof, and not to the effect of allegation, in certain cases. *Commonwealth* v. *Gillon*, 2 Allen, 502.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.