(12 Misc. Rep. 104.)

### MOSHER et al. v. PROVIDENCE WASHINGTON INS. CO.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

MARINE INSURANCE—FORFEITURE OF CONTRACT IN VALUE OF TERMS.

 The mere fact that the owner of the vessel agreed to carry goods to an amount exceeding that limited in the policy and loaded accordingly, does not avoid the policy, where he afterwards abandons such purpose before commencing the trip. 30 N. Y. Supp. 814, affirmed.

Appeal from city court, general term.

Action by Ralph P. Mosher and another against the Providence Washington Insurance Company. From a judgment of the city court (30 N. Y. Supp. 814) affirming a judgment entered on the verdict directed by the court in favor of plaintiffs, defendant appeals. Affirmed.

The action was brought upon a policy of insurance whereby defendant insured the "good canal boat A. D. Barber at and from at noon the thirteenth day of March (warranted by the assured to be then in safety), until at noon on the thirteenth day of March, 1894; * * * to be confined to the general freighting business in the navigation of the rivers and canals of the state of New York, the port, bay, and harbor of the city of New York," etc. No limitation upon the amount of freight which could be carried was made in this policy, but at the time of its delivery a marginal clause was inserted in writing by defendant's agent, as follows: "Privilege of present trip New York to Baltimore, and return to New York, with not exceeding one hundred and fifty tons of cargo on board either way." On March 13, 1893, the plaintiff Mosher entered into a contract for the transportation of 250 tons of iron borings from New York to Wilmington, Del., and loaded that quantity upon the boat at its dock in New York. Thereafter he applied to defendants for a change in the privilege clause to cover the amount loaded for the contemplated trip, which application was refused, and plaintiff announced his intention of abandoning the trip rather than proceed uninsured. On March 20th the boat, while still lying at her dock, was destroyed by fire,—one of the perils insured against,—and became a total loss. Defendant sought to avoid payment of the amount called for by the policy upon the ground that by loading in excess of 150 tons, with the intention of making the trip to Wilmington, the plaintiff had deviated from its terms. Upon the trial, both parties moved for the direction of a verdict, and the trial court made such direction in favor of the plaintiffs for the amount claimed. The judgment was affirmed by the general term.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Carpenter & Mosher, for appellant.
Hyland & Zabriskie, for respondents.

BISCHOFF, J. Upon an appeal from a judgment entered upon a verdict directed by the court after both sides have moved for a direction, it is to be assumed that the facts essential to the judgment were found by the court in favor of the successful party (Daly v. Wise, 132 N. Y. 309, 30 N. E. 837; Dillon v. Cockcroft, 90 N. Y. 649); and we are concluded as to the weight of the evidence by the judgment of affirmance below (Dearing v. Pearson, 8 Misc. Rep. 269, 28 N. Y. Supp. 715). There being evidence that the plaintiff owner, Mosher, had abandoned his intention of mak-

ing the trip permitted by the marginal clause in the policy, that fact must here be taken as established.

But appellant contends that the privilege clause intended an immediate voyage, to the completion of which the operation of the general clauses of the policy was suspended, and that, therefore, by reason of the plaintiffs' loading in excess of the amount allowed by such clause, there had been an actual violation of the policy, which could not be affected by the insured's subsequent change of intention, in the absence of a new agreement. Where there is an inconsistency between provisions of an insurance policy, a written clause will control over one which is printed, and special provisions over general. Chadsey v. Guion, 97 N. Y. 333; Insurance Co. v. Hazelett (Ind. Sup.) 4 N. E. 582. But there is a further rule of construction which requires that words of exception to or limitation upon a risk be taken more strongly against the insurer, and in the sense in which they would be naturally understood by the insured. Phil. Ins. § 131; 14 Am. & Eng. Enc. Law, 285, 286, note 1. In the application of the rules noted, we are unable to give to this policy and its marginal clause the construction contended for by appellant. Some insurance upon the boat while lying at her dock after March 13th must necessarily have been intended from the wording of the general clauses, and, there being no provision in the special clause covering insurance while at the dock, nothing inconsistent with the general clauses is thereby presented. True, if a policy provides for insurance "at and from" a given point, a deviation may be predicable of the vessel's loading at the port of departure, if an intention to substitute a voyage other than that provided for can be clearly shown; and so of a policy insuring "from" a certain port, but there the intention is to be looked for only in connection with actual sailing. Phil. Ins. § 992. Where the word "at" is omitted, and the policy reads merely "from" a certain port, the risk attaches only from the time when the vessel weighs anchor and breaks ground for the voyage with all the preparations completely made. Phil. Ins. § 945. Here the special clause gave the privilege of a trip specified merely "New York to Baltimore," etc.; and an assumption that the insurance thereunder, with the restriction against loading (which did not apply under the general policy), should commence "at" the place of mooring in New York, to the exclusion of the general insurance effected, would be to import a term into the clause for the purpose of defeating the policy; and this, too, in contravention of the meaning which the insured most reasonably could put upon the words used, and which, as appears from the evidence, he actually did.

The judgments of the general and trial terms below should be affirmed, with costs. All concur.