## MIRSKY et al. v. HOROWITZ.

(Supreme Court, Appellate Term. January 30, 1905.)

1. LANDLORD AND TENANT—DUTIES OF LESSOR—INDUCTION INTO POSSESSION.
    A lessor is not bound to put his lessee into actual possession, but is bound only to put him into legal possession, so that no obstacle in the form of a superior right of possession will be interposed to prevent the lessee from obtaining actual possession.

2. PLEDGES—PERFORMANCE OF COVENANTS—RECOVERY.
    A deposit by a tenant to secure performance of all the covenants of the lease cannot be recovered back until the end of the term.
    MacLean, J., dissenting.

Appeal from Municipal Court of New York.

Action by Harris Mirsky and another against Wolf Horowitz. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Jacob W. Block, for appellant.

Abraham S. Schomer, for respondents.

SCOTT, J. I am unable to see how this judgment can be sustained. The plaintiffs must assume and sustain the burden of proving every fact necessary to a recovery. This they have not done. All they show is that, on the day on which their term was to commence, some one else was in physical occupation of the demised premises, but it is not shown by what title the person in possession held or claimed to hold. It was not incumbent upon the lessor to put the lessees into actual possession. Gardner v. Keteltas, 3 Hill, 330, 38 Am. Dec. 637. All that was incumbent up-

on the landlord was to put the tenant into legal possession; that is, to see to it that no one else had a superior right of possession, so that no obstacle would be interposed to the tenants obtaining actual possession. For all that appears in this case, the persons in possession of the property on the date the term of the lease was to commence were holding over after the expiration of some lease or letting, and therefore mere strangers and liable to summary dispossession. This case differs materially from Goerl v. Damrauer, 27 Misc. Rep. 555, 58 N. Y. Supp. 297, in that there the parties in possession were shown to be holding under a monthly tenancy, and the landlord had failed to give them the statutory notice to terminate their tenancy. Thus by the landlord's own act there was in possession on the day the term was to commence a tenant lawfully in possession, holding by a title superior to the new lessees. In other words, the landlord, by omitting to give a notice which he alone could give, disabled himself from putting his tenant into legal possession, and prevented that tenant from taking actual possession. Nothing of that kind is shown in this case. The deposit was made to cover all the covenants in the lease, and it cannot be determined yet, nor until the end of the term, what claim the landlord may have against the fund.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

DAVIS, J., concurs.

MacLEAN, J. (dissenting). In this, their action, upon oral pleadings, as amended upon the very day of the trial, for money had and received, the plaintiffs stated in their bill of particulars that on March 7, 1904, the defendant, in writing, leased them certain premises for the term of one year from the 1st day of May, 1904, at a specified rental, and upon payment of $300 as security for the faithful performance of their covenants, which $300 they paid, and that "on the 1st day of May, 1904, defendant failed and refused to give possession of said demised premises, * * * and refused to return the said sum of $300." This does not state a cause of action. The 1st day of May is excluded, as the lease recites from. Frost v. Akron Iron Works, 1 App. Div. 449, 37 N. Y. Supp. 374. No cause of action was proven on the trial, for refusal was not shown upon a day subsequent The complaint should have been dismissed on the merits.

The judgment should be reversed, and that, in my opinion, considering the conduct of the case, absolutely.