240    APPELLATE COURT OF INDIANA,

Mathews, etc., Live Stock Ins. Co. *v.* Moore—58 Ind. App. 240.

## Mathews Farmers Mutual Live Stock Insurance Company *v.* Moore.

[No. 8,523.  Filed March 10, 1915.]

1. INSURANCE.—*Default in Assessment.—Computation of Time.—"After Thirty Days".—"From".*—Under a policy of live stock insurance providing that the members of the company should not be liable to insured for any loss "after thirty days from notice of each and all assessments, when assessments are unpaid," the company was liable where plaintiff received notice of his assessment at 8 o'clock a. m. on April 4th, mailed the amount due at 5 o'clock p. m. on May 4th, and suffered a loss at 10 o'clock p. m. of the same day, since the general rule of computation from a given day excludes that day, and the words "after thirty days from notice" clearly meant thirty days after the day on which the notice was received, and especially in view of the fact that "from" in its ordinary acceptation is a term of exclusion. (*Brown* v. *Buzan* [1865], 24 Ind. 194, criticised and distinguished.)  pp. 241, 246.

2. INSURANCE.—*Construction of Policy.—Forfeiture.*—An insurance contract will be so construed as to avoid a suspension of liability or a forfeiture, and to sustain rather than defeat the purpose of the contract, where that may be done without doing violence to the language employed.  p. 246.

From Howard Circuit Court; *Wm. C. Purdum*, Judge.

Action by Loren R. Moore against the Mathews Farmers Mutual Live Stock Insurance Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Blacklidge, Wolf & Barnes*, for appellant.
*Harness, Moon & Voorhis*, for appellee.

FELT, J.—This is a suit by appellee to recover from appellant on a policy of insurance issued upon certain live stock.  The complaint was answered by general denial and by a paragraph of special answer to which appellee replied by general denial.  Upon request the court made a special finding of facts and stated its conclusions of law thereon.  From a judgment in appellee's favor, this appeal was prayed.  The error assigned and relied on for reversal is that the court erred in its conclusions of law.

The finding shows among other things that appellee became a member of appellant, a mutual insurance company, on February 21, 1911, and that on the same day the company issued to him a policy of insurance on certain live stock. At 10 o'clock p. m. on May 4, 1911, one of the horses covered by the policy, died. On the tenth day of that month appellee notified the company and made due proof of his loss. On June 21, 1911, appellant's board of directors at a regular meeting denied all liability for the loss of the horse and refused to pay the loss or any part thereof, on the ground that at the time the horse died appellee was delinquent in the payment of an assessment due from him. The policy contains the following provision:

> "The members of this association shall not be liable if any loss occurs to the insured after thirty (30) days from notice of each and all assessments, when assessments are unpaid."

At 8 o'clock a. m. on April 4, 1911, appellee received notice from the company that an assessment amounting to $4.36 was due from him. At 5 o'clock p. m. on May 4, 1911, appellee mailed to appellant a post office money order for the amount, which was received by the company on the following morning and by mistake credited to the account of another policy holder, but as soon as the error was discovered it was corrected and appellee was duly credited with the amount. Other facts are found and other questions are discussed, but, in view of our conclusion on the question of the time of payment, they are not material to our decision.

Appellant frankly states that if in computing the thirty days allowed for the payment of an assessment, April 4, the day on which the notice was received, is excluded, appellee was not delinquent in payment of his assessment, when the horse died, and that in such event the policy was in force and the company liable for the loss. Appellant con-

tends, however, that April 4, should be included in the thirty days, that appellee was delinquent on May 4, when the horse died, and that because of such delinquency in payment of the assessment, by the terms of the policy, the liability of appellant was suspended during the period of such delinquency. Appellant states that in all matters of contract in computing time from a given date or event, the date of such instrument, or the day of such event, is included. In support of this contention appellant relies on two decisions of the Supreme Court, viz., *Tucker* v. *White* (1862), 19 Ind. 253; *Brown* v. *Buzan* (1865), 24 Ind. 194. The latter case was a suit for damages for breach of a contract made on November 12, 1863, for the sale and delivery of certain cattle, which the plaintiff was to accept within seven or eight days from the time of making the contract. Demand for the fulfillment of the contract was made on November 20, and fulfillment was refused. The court held that a fraction of a day was not to be considered in counting eight days from the day on which the contract was made and that the day of making the contract should either be entirely excluded or counted as a whole day, and then said: "The authorities are not harmonious upon this question, and as it is important that the rule in this state should be at rest, so that parties to contracts may know what to depend upon, we follow, without inquiry, the latest ruling of this court upon the subject. It was in *Tucker* v. *White* [1862], 19 Ind. 253, where it was held, that in computing time 'from the time of signing judgment,' which was done on the 20th of September, that day must be counted".

We must therefore look to *Tucker* v. *White*, *supra*, for the reason of the rule announced in *Brown* v. *Buzan*, *supra*. The question in the former case related to the time of the stay of execution on a judgment duly entered and signed on March 24, under the statute authorizing a stay of 180 days "from the time of signing the judgment". Execution was issued on September 20 and the question was whether

it was properly or prematurely issued. The court said: "The judgment was signed on the 24th of March, and execution could have issued upon it on that day, had it not been stayed by bail. The 24th of March, then is one of the 180 days for which execution was stayed. * * * This is not a case where the statute requires an act to be done, like the granting of a new trial, for example, within a given number of days. * * * The question in the case at bar is, when did 180 days from an act done, viz., 'the signing of the judgment', expire." The reason given in the case relied on and followed in 24th Indiana does not support the rule announced in the latter decision for it clearly shows that the calculation there was from an act done in pursuance of a statute and not from a day or date. The opinion clearly indicates that had the reckoning been from a day or date, the first day would have been excluded instead of included. The opinion shows that execution might have issued on the day the judgment was signed and that the statute authorized the stay "from the time of the signing of the judgment". *Tucker* v. *White, supra,* though the latest decision on the general subject when the opinion in *Brown* v. *Buzan* was written, was not based on a similar state of facts, and was not in conflict with earlier decisions holding that in counting time the general rule is to exclude the first day and include the last day of any given number of days. In *Womack* v. *McAhren* (1857), 9 Ind. 6, the earlier cases are cited and the court said: "Nor does the statutory rule of excluding the first day and including the last, make any difference. That was the law long before the statute was enacted. Indeed the statute was but enacting the decision of the Supreme Court."

Appellant concedes that the statute, §1350 Burns 1914, §1280 R. S. 1881, controls all computation of time under the civil procedure act, and that the prevailing weight of authority, generally sanctions the rule of excluding the first day, but asserts that *Brown* v. *Buzan, supra,* settles the rule

in Indiana in favor of including the first day in all matters of time appertaining to contracts. But our Supreme Court has held that in computing the time of the maturity of a promissory note or inland bill of exchange, the day of the date is excluded, and the payor has all of the last day of the time the obligation is to run in which to make the payment, and where grace is allowed, all of the last day of grace. *Benson* v. *Adams* (1879), 69 Ind. 353, 35 Am. Rep. 220; *Bowen* v. *Julius* (1895), 141 Ind. 310, 40 N. E. 700. In *Vogel* v. *State, ex rel.* (1886), 107 Ind. 374, 8 N. E. 164, we have an able discussion of the subject both under the statute and under the general rule, which is stated as follows: "The general rule may be said to be, that when time is to be computed from a day upon which an act is done, that day will be excluded. * * * The circumstances and reason of particular cases may be such as to require that they shall not be governed by the general rule as above stated. The terms of a contract may be such as to require a departure from that rule in the computation of time." The case involved the question of the beginning of the term of a justice of the peace, who held a commission dated April 17, 1882. The court held that, with no evidence before it other than the commission, it was plain that the justice might have qualified on the 17th and exercised the functions of his office on that day, and for that reason it was held that the general rule did not apply, and that it came within the exception to the rule, and April 17 should be counted in computing the justice's term of office. In the same case, the court held that in determining when a trustee's term of office began, where he was authorized to qualify and enter upon the discharge of his official duties at the expiration of ten days from the day of such election, the general rule was applicable and the day of the election should be excluded. In *Towell* v. *Hollweg* (1881), 81 Ind. 154, the court decided that under a statute providing that a chattel mortgage shall be recorded "within ten days after

the execution thereof,'' that the general rule was applicable and the day of its execution was to be excluded. The court also said: ''And as this rule has been established in all cases provided for in the code, it should be made uniform in all cases, except where otherwise expressly provided for by the language used.''

From a full consideration of the foregoing decisions and the cases therein cited, we have concluded that whatever may have been the effect of the holding in *Brown* v. *Buzan, supra,* when that decision was rendered, the rule as to the computation of time from a given date or event, in Indiana, independent of the statute, does not depend upon that decision, though the case has not been expressly overruled. The decision upon which, by its express language, it was made to rest, was in harmony with the general rule above announced, which has been recognized and followed by so many decisions of the Supreme Court both prior and subsequent to the rendition of that decision, that, conceding, though not deciding, that it was intended to establish the rule in matters of contract, it has not been adhered to by the Supreme Court, but on the contrary that court has recognized and followed the general rule of excluding the first day unless the terms of the writing or agreement clearly require a departure from the general rule to give effect to the contract between the parties or the circumstances and subject-matter under consideration make it manifest that the case falls within an exception to the general rule. While we do not rest our decision alone upon the proposition, we are strengthened in our conclusion by the fact that in its usual meaning and application the word ''from'' is exclusive and not inclusive. It is a term of exclusion unless by the plain meaning of the context in which it is employed, or by necessary implication, it is shown to have been used in a different sense. *Texas, etc., R. Co.* v. *Demilley* (1897), 91 Tex. 215, 41 S. W. 147; *State* v. *Bushey* (1892), 84 Me. 459, 24 Atl. 940; *Mosher* v. *Providence, etc.,*

*Ins. Co.* (1895), 12 Misc. 104, 33 N. Y. Supp. 85; *Atkins* v. *Sleeper* (1863), 89 Mass. 487; *Inhabitants, etc.* v. *Inhabitants, etc.* (1851), 62 Mass. 371; *People, ex rel.* v. *Louisville, etc., R. Co.* (1886), 5 N. E. (Ill.) 379; 14 Am. and Eng. Ency. Law (2d ed.) 533 and notes; 4 Words and Phrases 2981; 38 Cyc. 317 *et seq.* The rule with exceptions above shown now prevails generally in other jurisdictions. *State* v. *Elson* (1908), 77 Ohio St. 489, 494, 83 N. E. 904, 15 L. R. A. (N. S.) 686; *Protection Life Ins. Co.* v. *Palmer* (1876), 81 Ill. 88, 95; *McMaster* v. *New York Life Ins. Co.* (1901), 183 U. S. 25, 41, 22 Sup. Ct. 10, 46 L. Ed. 64; *Supreme Council, etc.* v. *Gootee* (1908), 89 Fed. 941, 32 C. C. A. 436; *Halbert* v. *San Saba, etc., Assn.* (1896), 49 L. R. A. 193, notes and cases cited 195 *et seq.*

Furthermore it is worthy of consideration that the question here depends upon the construction of the langauge in a contract for insurance. The rule is established

2. in Indiana, and generally recognized elsewhere, that such contract will be so construed as to avoid a suspension of liability or a forfeiture, and to sustain rather than defeat the purpose of the contract, where that may be done without doing violence to the language employed. The contract here provides for nonliability of the company

1. where loss occurs, "after thirty days from notice".

This language certainly indicates that thirty days were given without counting the day on which the notice was received. If we were to substitute "one" for "thirty", and apply the rule contended for, it would mean that the assessment would have to be paid on the day the notice was received.

In *Inhabitants, etc.* v. *Inhabitants, etc., supra,* 374, the court held to the rule of excluding the first day and said "otherwise, an act to be done in one day must be done on the same day; and as there is no fraction of a day, such stipulation must create an obligation to do it *instanter.*" Fractions of days are not counted in such calculations and

the words "after thirty days from notice" as used here means thirty days after the day on which the notice was received, excluding that day. Such construction is well supported by authority. *McMaster* v. *New York Life Ins. Co., supra; American Cent. Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 545, 92 N. E. 380; *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 242, 94 N. E. 785; *Continental Ins. Co.* v. *Vanlue* (1891), 126 Ind. 410, 415, 26 N. E. 119, 10 L. R. A. 843; *Farmers Mut. Fire Ins. Co.* v. *Jackman* (1905), 35 Ind. App. 1, 17, 73 N. E. 730; 38 Cyc. 317, and cases cited in note 61. For the reasons already stated the judgment is affirmed.

NOTE.—Reported in 108 N. E. 155. As to computation of time, see 7 Am. Dec. 250; 46 Am. Rep. 410; 78 Am. St. 372. For the rule as to first and last days in computation of time, see 49 L. R. A. 193; 15 L. R. A. (N. S.) 686; 15 L. Ed. U. S. 307. As to "from" as word of inclusion or exclusion, see 15 Ann. Cas. 27. See, also, under (1) 38 Cyc. 317; 20 Cyc. 850; (2) 9 Cyc. 586; 26 Cyc. 1516.