FRED PETERSEN and Another, Plaintiffs, *v.* CORA B. CLAIRE, Defendant.

Supreme Court, New York Special Term, February, 1922.

Actions — successive actions for rent as installments become due — offer to amend so as to include claim for rent subsequently accrued refused — when judgment satisfied in action for later installments not a bar to action for prior installments — a general rule of law should not be applied under special circumstances.

While it is the general rule that an entire claim arising upon a contract or from a wrong cannot be divided and made the subject of several suits, and if several suits be brought for different parts of such claim the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits, this rule should not be applied where there are special circumstances in a particular case which take it outside of the policy upon which the rule is founded.

It is the policy of the law to avoid unnecessary litigation but it is also the policy of the law to enforce prompt payment of installments of rent by permitting the bringing of successive actions as these installments become due.

Where a plaintiff in good faith includes in such an action every installment which to his knowledge is unpaid and is not the subject of a pending suit, the policy of the law is satisfied, but if when successive actions are brought to recover installments of rent as they become due the plaintiff must at his peril determine whether every pending action can be successfully prosecuted to judgment, then the policy of the law is defeated.

In an action to recover rent for the months of February and March, in bringing which the plaintiff had disregarded the fact that the lease was made by himself and another, the answer pleaded the defense of a defect of parties plaintiff. An offer to amend by bringing in the other lessor as a party plaintiff and to include in the action the installments of rent for April and May was refused. After the entry of judgment taken against defendants by default in the action brought by both lessors to recover the rent for the months of April and May, but before said judgment had been satisfied, a motion to amend the summons and complaint in the action for the February and March rent by bringing in the additional party plaintiff was denied, and upon the advice of the court that a new action must be begun by the proper parties, the pending action was discontinued and the present action commenced. Upon granting plaintiff's motion for summary judgment, *held*, that as plaintiffs, by defendant's action in refusing to allow the amendment asked for, had been compelled to bring a second action for the installments of rent which had become due after the first action was brought, the defendant had neither been vexed nor harassed any more than she would have been if the first action had been brought by the proper parties and discontinued or dismissed for any other defect.

The action having been brought in good faith to enforce an existing right the mere fact that the pending suit was not technically between the same parties or was dismissed for any other reason did not change the rule of law applicable.

MOTION for summary judgment.

*Henry S. Goodspeed,* for plaintiffs.

*Arthur Butler Graham* (*John Preston Phillips,* of counsel), for defendant.

Lehman, J. The plaintiff has moved for summary judgment on the pleadings in an action brought for installments of rent which accrued on the first days of February and March. The answer denies none of the material allegations of the complaint except that the rent has not been paid but concededly the rent has not in fact been paid and the affirmative defense of payment contained in the answer has been pleaded solely because the defendant claims that these installments of rent have been discharged by the satisfaction of a judgment in an action for the installments due on the first days of April and May which was brought before the present action was begun but of course after the installments which are the subject-matter of this action were due.

There is no substantial dispute between the parties as to the facts in the case. It appears that the plaintiff Petersen is the owner of the building in which the defendant has rented an apartment and he brought an action for the installments of rent due on the first days of February and March under the written lease to defendant. In bringing this action he disregarded the fact that this lease to defendant was not made by him alone but was made by himself and Isabella Greacen who owns an adjoining house which at least to some extent is apparently operated as one building, together with the house owned by the plaintiff in which the defendant's apartment is situated. The answer interposed in that action set forth the defense of defect of parties plaintiff and Petersen's attorney offered to amend the pleadings by bringing in Isabella Greacen as an additional party plaintiff and also to include in the action the installments of rent which had accrued on the 1st days of April and May, 1921. The defendant's attorney refused this offer and the two plaintiffs then brought an action for these subsequent installments and, upon defendant's default, judgment was entered in that action and has since been satisfied. After the entry of that judgment but before its satisfaction Petersen made a motion for leave to amend the summons and complaint in the action for rent due on the first days of February and March by joining Isabella Greacen as party plaintiff, but that motion was denied and he was advised by the court that a new action must be begun by the proper parties. Thereupon the pending action was discontinued and the present action was begun.

Upon the argument of this motion for summary judgment the defendant has cited the case of *Jex* v. *Jacob*, 19 Hun, 105, as authority for her contention that the facts stated above constitute a complete defense to the action and the plaintiffs have submitted no argument or authority to combat the effect of that decision, but have merely asked me, if I deny their motion, to follow the

same course adopted by the court in that case in providing that the denial of the motion is without prejudice to a motion to vacate the judgment recovered and for leave to return to defendant the money received by way of satisfying it and for the consolidation of the actions. Under these circumstances I have hesitated to grant the plaintiff's motion and to hold that the defendant has not shown facts which I deem sufficient to entitle her to defend the action. I cannot, however, find that the real question in this case has been considered in the case of *Jex* v. *Jacob, supra,* or in any other case which I have been able to discover in the somewhat limited research I have had the opportunity to make and the very novelty of the question in the present case should preclude me from following the decision in that case and the procedure adopted there, to relieve the plaintiffs therein from the hardship occasioned by that decision.

" The rule is fully established that an entire claim arising upon a contract or from a wrong cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits. \* \* \* That rule although a salutary one, is of a technical character and a case must be brought strictly within it to give it effect." *Secor* v. *Sturgis,* 16 N. Y. 548, 554, 560. In considering whether the facts in the present case bring the case *strictly within the rule,* it must be remembered that it is true as a general proposition that each default in the payment of moneys falling due upon a contract payable in installments may be the subject of an independent action provided it is brought before the next installment becomes due; and though each action should include every installment due when it is commenced, this is true only if no " suit is, at the time, pending for the recovery thereof or *other special circumstances exist."* (Italics are mine.) *Lorillard* v. *Clyde,* 122 N. Y. 41. The question presented in this case is whether the pendency of the action for the installments due on the first days of February and March, though there was in that action a defect of parties plaintiff, constituted such " special circumstances " as justified these plaintiffs in not including these installments in the action brought to recover subsequent installments. " A suit and judgment for part of an entire demand and payment of the judgment do not actually satisfy the demand. But the policy of the law is to compel a party to litigate an entire demand in a single action; and if he splits it up and sues for part, he shall not subject the party thus sued to further expense and litigation as to the other part; and the whole demand is, therefore, treated as merged in the first judgment." *O'Dougherty* v. *Remington Paper*

*Co.,* 81 N. Y. 496. Where any case comes within a general rule established to effectuate a well-defined public policy, a court must apply the general rule even though it may involve hardship upon the individual litigant except in so far as it can, under its equitable powers, relieve the litigant of the results of his own acts, but where there are special circumstances in the particular case which take the case outside of the policy upon which the rule is founded, then logically the courts should not extend the general rule to cover the particular case. In my opinion the case of *Jex* v. *Jacob, supra,* is an illustration of the first principle and the present case an illustration of the second principle.

In the case of *Jex* v. *Jacob, supra,* two installments of $3,307.50 each for rent under a contract were due and unpaid on November 1, 1877. There was also a balance of $150 still unpaid on an installment of rent previously due. On November 8, 1877, the plaintiff began an action for the two installments aggregating $6,615. No action was pending at that time for the unpaid balance of $150 due on the earlier installment and apparently no special circumstances were shown to explain why the plaintiff did not include this small amount in the action he then brought. In disregard of the policy of the law which compelled him under such circumstances to litigate his entire demand in one action, he brought a second action for $150 upon which judgment was entered by default and subsequently paid and satisfied. The result of the plaintiff's action was unnecessary litigation and vexation of the defendant by two actions where one would have sufficed, which it is the policy of the law to avoid. The case, therefore, came strictly within the general rule and the court was bound to hold that the satisfaction of a judgment recovered in an action for one part of a demand, though it amounted to only $150, as a matter of law discharged the whole demand and acted as a bar to the further prosecution of an earlier action brought to recover another part of the same demand though such part amounted to $6,615. The extraordinary hardship of the application of the rule to the particular case may have shocked the conscience of the court, yet the court could not disregard the rule itself. It could at most use its equitable powers to permit the plaintiff upon proper terms to undo his own acts performed without understanding their effect. Ordinarily, however, there can be no doubt that a plaintiff cannot and should not be relieved from the application of the rule because of his misapprehension as to the effect of his own acts. *Buck* v. *Wilson,* 113 Penn. St. 423.

In the present case the plaintiffs brought an action to recover for the installments of rent due on the first days of April and May. At that time the installments due on the first days of February and

March which the plaintiffs now seek to recover were unpaid but were the subject-matter of another action then pending in which Isabella Greacen had not been joined as party plaintiff. As a result of this non-joinder this action was subsequently discontinued and the present action begun. If the plaintiffs split up their demand for all unpaid installments when they began their action for the April and May rent without including the February and March rent, then the judgment which has been rendered and satisfied in that action satisfied their whole demand and they cannot maintain the present action for part of the same demand. If they did not at that time split up their demand then they may maintain this action, for all that happened thereafter, including the discontinuance of the then pending litigation between Petersen and this defendant, is irrelevant. That was the only time when any action was begun which did not include all unpaid installments, and the plaintiffs' demand was split at that time, if ever. " Of necessity, the splitting up of accounts, or demands, implies, on the part of the suitor, a conscious act, or knowledge." *Gedney* v. *Gedney,* 160 N. Y. 471, 475. In the present case the plaintiffs had knowledge that the rent for February and March, April and May, 1921, was due and unpaid. Their failure to include these installments of rent was a conscious act but it was an act which they had a right to do and which would not bar them from recovering a judgment for the rent not included, unless they thereby caused the defendant the vexation of multiplicity of action and unnecessary litigation. The plaintiffs had a right to bring an action for each installment of rent when it came due and no vexatious litigation would be created thereby. At the time they brought the action for April and May rent they knew that there was a defect of parties plaintiff in the action brought for February and March rent but they had offered to bring in the additional necessary party plaintiff and even to include the additional installments which had become due. The plaintiffs thereby gave the defendant the opportunity to litigate all questions between the parties in one action. The defendant refused this offer. Through the defendant's act the plaintiffs were then compelled to bring a second action for the installments which had become due after the first action was brought. They might have included in that action the earlier installments but the action for such installments was still pending and the plaintiffs relied upon obtaining a recovery for the earlier installments in that action after the additional necessary party plaintiff was joined by amendment of the summons and complaint. The application for leave to make this amendment was subsequently denied and the prior action discontinued, which necessitated the bringing of the present or third action but the defendant has not

Supreme Court, February, 1922.                    [Vol. 118

thereby been vexed or harassed any more than she would have been if the first action had been brought by the proper parties and discontinued or dismissed for any other defect. The policy of the law is to avoid unnecessary litigation but the policy of the law is also to enforce prompt payment of installments of rent by permitting the bringing of successive actions as these installments become due. The policy of the law is satisfied when a plaintiff includes in good faith in each action every installment which *to his knowledge* is unpaid and is not the subject of a pending suit; it is defeated if when a plaintiff brings successive actions for installments of rent as they become due, he must at his peril determine whether every pending action can be successfully prosecuted to judgment.

The mere fact that the pending suit is not technically between the same parties or is dismissed for any other reason does not change the rule if the action is brought in good faith for the purpose of enforcing an existing right. The costs upon discontinuance or dismissal at least in theory recompense the defendant for any error of the plaintiff and a plaintiff cannot through such error be deprived of a part of his demand in any case where he did not consciously and with knowledge bring a multiplicity of actions to enforce a single demand. Especially is this true where the defendant chose to stand upon her legal right and compelled the plaintiffs to bring a second action when the plaintiffs were willing to amend the first action to include all necessary parties and all existing demands. The affidavits show that no issue of fact exists in this case but only an issue of law and the plaintiffs are, therefore, entitled to summary judgment. Motion granted.

Judgment for plaintiffs.