DAVID H. VAN DAMM, Appellant, *v.* JOHN F. PENROSE, Respondent.

Supreme Court, Appellate Term, First Department, November Term — Filed January, 1923.

**Landlord and tenant — action for rent — substituted service in prior action — when judgment not res adjudicata in subsequent action.**

Before the commencement of this action to recover rent for August, 1920, the summons in an action to recover from the same defendant rent for June and July, 1920, and dated July 2, 1920, was pursuant to an order for substituted service mailed to defendant on September 2, 1920, and thereafter judgment was entered in favor of plaintiff. *Held,* that a judgment entered in favor of defendant in the action to recover the August rent upon the ground that the judgment in the other action was *res adjudicata,* will be reversed and a new trial ordered. DELEHANTY, J., dissenting.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of the defendant.

*Morris E. Gossett,* for appellant.

*Hornblower, Miller & Garrison* (*Claude M. Terrell,* of counsel), for respondent.

GUY, J.   Before the commencement of this action for the recovery of $335, rent of premises for the month of August, 1920, the plaintiff had issued a summons dated on or about July 2, 1920, in an action against the defendant for the rent for June and July. Several attempts were made to serve the summons on the defendant, but he avoided service, and finally on or about September 1, 1920, an order for substituted service of the summons was made, and in pursuance of the order the summons was mailed the defendant September 2, 1920, and judgment thereafter entered in favor

of the plaintiff against the defendant for $673. As the August rent sought to be recovered in this action was due at the time of the service of the summons in the prior action by substituted service on September 2, 1920, the defendant claimed that the judgment in the prior action was *res adjudicata* in this action for the August rent, and upon that ground the court gave judgment for the defendant.

At the time the landlord attempted to begin the action for the June and July rent there was no splitting of any claim against the defendant, for then the only rent due was the sum demanded in the summons, and that was the entire demand of the plaintiff. That service of the summons in the prior action was not made until the order of substituted service in that action was mailed, was a circumstance resulting from the defendant avoiding service of process in that action, and the defendant should not be permitted by resort to such tactics to escape payment of his contractual obligations. As " of necessity, the splitting up of accounts or demands implies, on the part of the suitor, a conscious act or knowledge " (*Gedney* v. *Gedney*, 160 N. Y. 471), the rule invoked by the defendant has no application to the facts in this case. *Peterson* v. *Claire*, 118 Misc. Rep. 85.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR, J., concurs.

DELEHANTY, J. (dissenting). The action was begun on December 7, 1921, upon an assigned claim of $335 for the August, 1920, rent of three certain apartments. The plaintiff's assignor is Helene Beauty Shop, Inc. On September 2, 1920, plaintiff's assignor began an action in the Municipal Court against defendant, by substituted service of summons dated July 2, 1920, pursuant to order granted September 1, 1920, which action was for rent due for the June and July, 1920, rent on the same apartments. The defendant therein interposed a defense but on trial a judgment was entered in favor of plaintiff which was affirmed by this court on appeal and subsequently satisfied of record. In the present action the court below held that the judgment rendered in the Beauty Shop case for the June and July rent was a bar to this action on the theory that where several installments of rent are due, and an action is brought for only a part thereof a judgment in such action is a bar to a subsequent action for the remaining installments.

Appellant urges two points, namely, that the Beauty Shop case must be deemed to have been commenced on July 2, 1920, the date

of the summons therein and not at the time of actual service thereof on September 2, 1920, and that defendant is estopped from raising this defense of *res adjudicata* because of his own acts in avoiding service of summons in the Beauty Shop case before the installment of rent now sued for had accrued.   I do not think much of appellant's first point in view of the provisions of the Municipal Court Code and the Civil Practice Act that an action is commenced by the service of the summons.   The Municipal Court Code makes one exception to this rule and that is where the Statute of Limitation would be a bar to the commencement of the action in which case the action is commenced " When the summons is issued by the clerk."   But that exception is not involved in this or the Beauty Shop case.   The logical conclusion of appellant's argument in this respect is that an attorney may insert any date in his summons and when service thereof is made several months thereafter he then can contend that the action was begun on the date inserted in the summons.   The mere statement of the claim is a refutation thereof.

On the second point raised by appellant his contention is that there is an exception to the general principle of law that where several installments of rent are due under a lease at the time of the commencement of the action, all these installments must be included in the sum demanded.   This exception arises, he claims, " if the circumstances are such that the bringing of several suits was not done intentionally but by reason of some circumstances over which the plaintiff had no control and the application of the rule would therefore cause a hardship rather than the doing of justice between the parties, the main principle will not be applied."   In support of his contention in this respect he cites several cases not in point and one case, *Peterson* v. *Claire,* recently decided by Justice Lehman (118 Misc. Rep. 85), where it was found that special circumstances existed which took the case out of the general rule.   But on examination I find no similarity in fact between that case and the one at bar.   Here the special circumstances contended for are that defendant avoided service of the summons. But this is denied by respondent.

After all the gist of the case is that plaintiff maintained two actions instead of one for all the installments due at one time.

The first summons which he claims to have tried to serve was dated June 5, 1920, and was for June rent only.   As the July rent fell due, plaintiff increased his claim to include it and dated a new summons July 2, 1920.   When the August rent became due he should have done what he did when he provided for the July

rent in the first suit, but on the contrary waited over a year before commencing the suit at bar, which in my opinion shows conclusively that the plea of " special circumstances " is an afterthought. I think the judgment should be affirmed, with costs.

Judgment reversed.