GEORGE C. RILEY, Appellant, v. THE PRUDENTIAL SOCIETY, INC., Respondent.— Judgment and order affirmed, with costs. Memorandum: The Ordinances of the City of Buffalo which regulate the business of pawnbrokers, so far as here material, read: " No pawnbroker shall demand, take or receive any greater interest than the following rates of interest per month: 10% on sums from $1.00 to $10.00; 6% on

sums from $10.00 to $25.00; 5% on sums from $25.00 to $50.00; 2½% on sums from $50.00 to $75.00; 1½% on all sums over $75.00." (Chap. XX, § 9.) The printed terms of defendant's pawn ticket which set forth on the reverse side thereof the interest rates charged by defendant read in part as follows: " $1.00 to and including $50.00, 3% per month." We interpret that part of the ordinance which reads: " 5% on sums from $25.00 to $50.00 " to mean from $25 to and including $50. This interpretation finds support in the subsequent clauses: " 2½% on sums from $50.00 to $75.00; 1½% on all sums over $75.00," thus indicating that the word " from " should be construed as excluding the minimum sum and the word " to " as including the maximum sum in fixing the limitation on the rates for loans of the various sums scheduled. Both " from " and " to " may have an inclusive or an exclusive meaning, depending upon the context and the subject-matter. (*Smith* v. *Helmer*, 7 Barb. 416, 420; *Deyo* v. *Bleakley*, 24 id. 9, 11, 14.) We conclude, therefore, that the pawn contract between plaintiff and defendant was not usurious and that the retention of the pledge thereunder and the sale thereof was not a conversion of the pledge. In *Stone* v. *Jacobson* (258 App. Div. 300) this court held that the Buffalo Charter excepted that city from the operation of the General Business Law (Consol. Laws, chap. 21) and that the city ordinances, which were adopted pursuant to the Charter, were valid and controlling upon pawnbrokers in that city. All concur. (The judgment is for defendant in an action for conversion. The order denies plaintiff's motion for a directed verdict and grants defendant's motion for a direction.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.