HERMAN A. POMERANZ, Plaintiff, *v.* COSMO MORE, Defendant.

Municipal Court of the City of Syracuse, May 18, 1946.

*Max Osofsky* for plaintiff.

*Thomas J. Lowery* for defendant.

SKERRITT, J. This is a motion by plaintiff to set aside a verdict for defendant, as contrary to the evidence and contrary to law, and for judgment against defendant. Also a motion by plaintiff, made at opening of the trial, and renewed at close of the evidence, for a directed verdict, and for judgment against defendant, on the ground that plaintiff's judgment against defendant in a prior action is *res judicata*.

Plaintiff commenced this action on March 16, 1945, to recover rent for February and March of that year, under a lease in writing signed by the parties on August 26, 1944, whereby the plaintiff leased to defendant a vacant store in a building owned by plaintiff in the village of Liverpool, New York, for a term of one year from October 1, 1944.

The lease contained a cancellation clause providing that " either party shall have the privilege of cancelling this lease by giving the other party three months notice in writing from the first of any month ". The defendant, having decided not to take possession, sought to cancel under this clause by mailing notice on Sunday, October 1, 1944, which was received by plaintiff the next morning.

There should be no confusion from the fact that October 1st was Sunday. Had the plaintiff received the notice that day there could be no question about timely service. A notice to terminate a lease is not a court proceeding, but operates merely to terminate a contract. And a contract, which can be made on Sunday, can be terminated on that day as well as on any other. The fact that October 1st was Sunday is immaterial. (6 Williston on Contracts, § 1700, and cases cited; Richardson on Contracts [5th ed.], § 145, and cases cited.)

The main question to be decided is whether this notice was given " from the first " of the month. If it was, the lease was terminated on December 31st, and the verdict for defendant should stand. If not, the lease was not so terminated, and other questions would arise as to whether the verdict should be set aside. What then is the meaning of this phrase " from the first "?

The courts in England and in this country were for many years in conflict as to whether the day " from " which time is computed should be included or excluded in the computation. In the leading English case, *Pugh* v. *Duke of Leeds* (2 Cowp. 714 [1777]) Lord MANSFIELD laid down the rule of reason, often followed in American decisions, that the word " from " may be either inclusive or exclusive, and should be construed so as to effectuate the object of the parties.

In New York it is now held that the rule for determining the time within which an act must be done, in an action or special proceeding, is to exclude the first day and include the last. (*People* v. *Burgess,* 153 N. Y. 561, 572; *Sugerman* v. *Jacobs,* 160 App. Div. 411, 413; *Jones* v. *Wallace,* 75 App. Div. 401.)

The statute, giving wide application to this rule, provides that " The day from which any specified period of time is reckoned shall be excluded in making the reckoning." (General Construction Law, § 20.) This rule applies to private contracts as well as to statutes. (*Biloz* v. *Tioga County Patrons' Fire Relief Assn.,* 21 N. Y. S. 2d 643, affd. 260 App. Div. 976; *Goon* v. *Fu Manchu's Restaurant, Inc.,* 253 App. Div. 531.)

The rule is the same whether the period is reckoned in days, months or years. (*Prokop* v. *Bedford Waist & Dress Co., Inc.,* 187 App. Div. 662; *Tismer* v. *New York Edison Co.,* 228 N. Y. 156.) In the *Tismer* case (*supra*), holding that plaintiff had commenced his action within a three-year statutory period, Judge CARDOZO said (p. 164): " The first day is now excluded in the computation of years as well as in the computation of

days, weeks or months. That day being excluded, the action is in time."

In reckoning the term of a lease the general rule, when there is nothing to show a contrary intention of the parties, is to exclude the day named and include the last day of the specified period. (*Mack* v. *Burt,* 5 Hun 28; *Mirsky* v. *Horowitz,* 46 Misc. 257, 259; 1 McAdam on Landlord and Tenant [5th ed.], § 164, p. 759.)

It is well settled in New York, in computing time " from " a day, where there is nothing to show a contrary intention of the parties, that the word " from " is a term of exclusion, which excludes the day to which it relates. (*People ex rel. Corn'l Stmbt. Co.* v. *Hornbeck,* 30 Misc. 212; *Riley* v. *Prudential Soc.,* 259 App. Div. 974; *Hudspith* v. *Pierce-Arrow Motor Car Co.,* 180 App. Div. 147.)

The same rule is followed in the Federal courts and in other States. (*Merritt* v. *Ona,* 44 F. 369; *N. Y. Life Ins. Co.* v. *Bullock,* 26 F. 2d 666; *Supreme Council American Legion of Honor* v. *Cootee,* 89 F. 941, 945; *Cromelien* v. *Brink,* 29 Pa. 522; *State* v. *Elson,* 77 Ohio St. 489, 494; *Atkins* v. *Sleeper,* 89 Mass. 487; *State* v. *Bushey,* 84 Me. 459; *Mathews Live Stock Ins. Co.* v. *Moore,* 58 Ind. App. 240; 62 C. J., Time, § 30, p. 984; § 35, p. 988.)

In the case at bar the only evidence of the intention of the parties is the cancellation clause above mentioned, " three months notice in writing from the first of any month ". In such case the period of three months must be computed by excluding the first day and including the last. The defendant's notice, therefore, was given " from the first " of October, and terminated the lease at twelve o'clock midnight at the end of December 31st.

In regard to plaintiff's motion on the ground of *res judicata,* made for the first time at the opening of the trial, and not pleaded, it appeared that in a prior action on this lease the plaintiff had obtained judgment in this court for rent for January, 1945, against the same defendant, in which action the same cancellation clause and the same notice to terminate were pleaded as a defense. In support of this motion plaintiff offered in evidence, as a bar to the present defense, the record of that previous trial and judgment. Defendant's objection to this evidence was sustained.

It is well recognized that unless pleaded the record of a former adjudication is not admissible as a bar in a subsequent

action. (3 Wait on New York Practice, p. 517, and cases cited; 3 Carmody on New York Pleading and Practice, § 992, p. 2069, and cases cited.)

But regardless of plaintiff's failure to plead *res judicata,* or to avail himself of it by motion before trial, such plea would have no merit, because the issues were not the same. A prior judgment is not *res judicata* unless the same issues were involved between the same parties, so as to work a mutual estoppel. (*Rudd* v. *Cornell,* 171 N. Y. 114; *Borgos* v. *Price,* 140 Misc. 287; *Fulton* v. *Viane,* 232 App. Div. 680; *Silberstein* v. *Silberstein,* 218 N. Y. 525; *Karameros* v. *Luther,* 279 N. Y. 87.)

The issues in the first action were not the same because the plaintiff then sued for rent for a different period, the month of January, 1945, and defendant did not then plead as now the affirmative defense of payment. Where the issue in the second action differs in any way from that in the first, the plea of *res judicata* is not available. (*Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14.)

This principle is illustrated in suits on installment contracts, including installments of rent, where it is held that a separate and distinct cause of action arises on each installment as it falls due, and that a judgment on one installment is not a bar to an action on a later installment. (*Parmenter* v. *State,* 135 N. Y. 154; *Lorillard* v. *Clyde,* 122 N. Y. 41; *Levy Co., Inc.,* v. *Columbia Overseas Corp.,* 202 App. Div. 674; *Simon* v. *Bierbauer,* 154 App. Div. 506; *Holthausen* v. *Kells,* 18 App. Div. 80, affd. 154 N. Y. 776; *Petersen* v. *Claire,* 118 Misc. 85.)

In the *Petersen* case (*supra,* pp. 89–90) the court said: " The plaintiffs had a right to bring an action for each installment of rent when it came due and no vexatious litigation would be created thereby. * * * The policy of the law is to avoid unnecessary litigation but the policy of the law is also to enforce prompt payment of installments of rent by permitting the bringing of successive actions as these installments become due."

I am satisfied that both parties had a fair trial, and that the verdict for defendant should stand. All of plaintiff's motions are denied.