May Term,
**1855.**

WELLS
v.
WELLS.

---

## WELLS v. WELLS.

A minor attains to twenty-one years of age on the day preceding the twenty-first anniversary of his birth.

A decree against an infant, without notice and without evidence, is erroneous.

ERROR to the *Marion* Circuit Court.

STUART, J.—*Wells*, the father, filed his bill in chancery against *Wells*, the son, an infant, in *September*, 1834, alleging that he had purchased, with his own money, certain lands in *Marion* county, in the name of his son, and praying that the title thus nominally placed in the infant son might be vested in him. Decree accordingly.

Counsel seem to be mistaken in asserting that the bill was filed and the decree rendered the same day. The bill was filed *September* 23, 1834, and on that day a guardian *ad litem* was appointed. The answer of *Calvin Fletcher*, guardian *ad litem*, was filed *October* 2, 1834, and the decree then passed.

It no where appears that there was any process, or any evidence. These are the errors assigned. They are clearly sufficient to reverse the case; *Crain* v. *Parker*, 1 Ind. R. 374; provided *Wells*, the son, has shown himself to be in a position to avail himself of them.

*Wednesday,*
*June* 13.

We attach no importance to the admissions improvidently made for him by his guardian *ad litem.* But there are other considerations affecting his right to bring error upon which we were not at first so clear. The bill alleges that the land was entered in *January,* 1832; that the son, *E. R. Wells,* was at the time of filing the bill "only six years old." If from this statement we fix his birth-day at *September* 23, 1828, he was of age *September* 22, 1849. That was the date of the removal of the disability. From that date he had five years to bring error. The transcript was filed, and errors assigned in this Court, *November* 12, 1853. So that he is entitled to his writ of error, however reluctant Courts may justly be to open adjudications of such long standing.

But as the decree was rendered without notice to the infant, and without evidence, it must be reversed.

We intimate no opinion as what will be the effect, if any, of the reversal on subsequently acquired titles.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*D. McDonald, W. A. McKenzie* and *W. Henderson,* for the plaintiff.