Vogel v. The State, ex rel. Land, Prosecuting Attorney.

Filed Sept. 16, 1886.

----

No. 13,199.

## VOGEL v. THE STATE, EX REL. LAND, PROSECUTING ATTORNEY.

OFFICE AND OFFICER.—*Contest Between Claimants of Office.*—*Quo Warranto by State.*—The fact that a contest proceeding between the persons claiming a public office is pending, does not affect the right of the State to proceed by information against the incumbent.

SAME.—*Justice of Peace.*—The office of justice of the peace is a judicial office under the Constitution and statutes of this State.

SAME.—*Judicial Office.*—*Constitutional Ineligibility.*—*Extent of.*—A judicial officer may be elected to an office not judicial, the term of which will begin after the expiration of the judicial term, the disability imposed

by the Constitution merely having reference to the taking and holding of the office.

SAME.—*Term of Office.—Computation of Time.—Township Trustee.*—Where an officer's commission fixes his term at four years from a certain day, that day will be counted as a part of the term; but where it is provided by the law that the inspectors' certificate of election shall entitle the holder to qualify and enter upon the discharge of the duties of the office of township trustee at the expiration of ten days from the day of election, the day of the election is to be excluded in computing the time.

SAME.—*Judicial and Other Office Ending and Beginning on Same Day.*—Where the term of a justice of the peace did not expire until midnight of the 16th day of the month, he is ineligible to hold the office of township trustee where the term of such office began on the same day.

SAME.—*Votes Cast for Ineligible Can Not be Counted Against Eligible Candidate.*—The votes cast for an ineligible candidate can not be counted against a candidate who is eligible, and the latter, if he has received the next highest number of votes, is entitled to the office.

From the Perry Circuit Court.

*W. Henning* and *E. C. Vance,* for appellant.

*W. A. Land,* Prosecuting Attorney, and *C. H. Mason,* for the State.

ZOLLARS, J.—The prosecuting attorney, by an information in the name of the State, challenges the right of appellant to hold the office of township trustee in and for Troy township, in Perry county.

The sufficiency of the information is questioned by a general statement in appellant's brief, but as no specific objection is pointed out, and we discover none, we pass to a consideration of the alleged error of the court below in sustaining a demurrer to appellant's plea in abatement. It is alleged in the information that appellant had intruded himself into the office of township trustee and excluded therefrom the properly elected and qualified trustee, one Nicholas Marks.

In answer to this charge, appellant pleaded by way of abatement, that he had been elected trustee of the township in 1884; that at the April election, in 1886, he and Marks were rival candidates; that, although Marks received the highest number of votes, he was not, and could not be, elected,

because he was ineligible to the office by reason of being a justice of the peace; that appellant, in the statutory mode, contested Marks' right to the office; that the board of com-missioners decided that neither party was eligible; that both took an appeal to the circuit court, and that the case was pending in that court when the information and plea were filed in this case.

The court below properly sustained the demurrer to this plea. The result of the contest, if prosecuted to final.judg-ment, might be the same to the contestants, as the result to-be attained by this prosecution, but the parties to the two actions are not the same. In the contest, appellant and Marks are contesting the right to the office as between themselves;. here, the State is the moving party, and is not interested in the success of either of the rival claimants, except so far as one or the other may be eligible and the lawfully elected trustee.

The rights of the State in a matter of this kind are above the rights of individual claimants, and its rights will not be affected by any proceeding that such parties may institute as between themselves. If it were otherwise, the State might be rendered powerless to eject from office an intruder placed in it by a collusive litigation.

The controlling facts upon which the case was submitted below are as follows: In 1882, Nicholas Marks, having been elected a justice of the peace in and for Troy township, Perry county, was, by the Governor's commission, dated the 17th day of April, 1882, "commissioned as such justice of the peace for the term of four years from the 17th day of April, 1882." He accepted the office, and on the 28th day of April, 1882, qualified, and acted as such justice thereafter. In 1884, appellant was elected and qualified as trustee of the township. At the township election, on the 5th day of April, 1886, ap-pellant and Marks were rival candidates for the office of trus-tee of the township. Appellant received 455 and Marks 537 votes. The inspectors of the election issued to Marks a cer-

tificate of election on the 6th day of April. On the 17th day of that month he filed his bond, qualified and demanded from appellant the books, papers, etc., belonging to the office. On the 12th day of the same month, appellant took the oath of office, and filed a bond, which was not approved by the auditor because of the certificate of election being held by Marks. Claiming that Marks was ineligible to the office of trustee by reason of being a justice of the peace, appellant refused to surrender the office to him.

The Constitution provides that no person elected to any judicial office shall, during the term for which he shall have been elected, be eligible to any office of trust or profit under the State, other than a judicial office. R. S. 1881, section 176. That the office of justice of the peace is a judicial office under our Constitution and statutes, is well settled.

It was held in the case of *Smith* v. *Moore*, 90 Ind. 294, that a judicial officer may be elected to an office not judicial, the term of which will begin after the expiration of the judicial term; in other words, that the disability imposed by the Constitution has reference to the taking and holding of the office, and not to the election. That case has been followed and approved in subsequent cases.

Marks was eligible to take and hold the office of township trustee, if the term began after the expiration of his term as justice of the peace, although such term may not have expired at the time of the election.

The two material and controlling inquiries are, when did Marks' term as justice of the peace expire, and when did the term of township trustee begin? The record shows nothing as to the beginning of Marks' term as justice of the peace, except what is shown by his commission from the Governor. That commission, as we have seen, fixed his term at four years from the 17th day of April, 1882. If the 17th day of April was a part of the term, the term ended at midnight of the 16th day of April, 1886. If the 17th is to be excluded, the

term ended at midnight of the 17th day of April, 1886. *Wells* v. *Wells,* 6 Ind. 447.

The general rule may be said to be, that when time is to be computed from a day upon which an act is done, that day will be excluded. *Hathaway* v. *Hathaway,* 2 Ind. 513; *Swift* v. *Tousey,* 5 Ind. 196; *Womack* v. *McAhren,* 9 Ind. 6; *Martin* v. *Reed,* 9 Ind. 180; *Blair* v. *Davis,* 9 Ind. 236. See, also, *Hill* v. *Pressley,* 96 Ind. 447; *Benson* v. *Adams,* 69 Ind. 353 (35 Am. R. 220); *Best* v. *Polk,* 18 Wall. 112.

There is a section of the code which provides that "the time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last." R. S. 1881, section 1280. *Faure* v. *United States Ex. Co.,* 23 Ind. 48; *Noble* v. *Murphy,* 27 Ind. 502; *State, ex rel.,* v. *Thorn,* 28 Ind. 306; *Byers* v. *Hickman,* 36 Ind. 359.

The above section of the statute evidently has reference to matters properly falling within the code of civil procedure and not to matters in no way connected therewith, although some of the cases seem to give it a broader application. See *Towell* v. *Hollweg,* 81 Ind. 154.

It must be apparent that the above section of the code has no application to the office of justice of the peace. Neither the office, nor anything relating to it, is provided for in the code. The circumstances and reason of particular cases may be such as to require that they shall not be governed by the general rule as above stated. The terms of a contract may be such as to require a departure from that rule in the computation of time. *Cook* v. *Gray,* 6 Ind. 335; *Brown* v. *Buzan,* 24 Ind. 194; *Newby* v. *Rogers,* 40 Ind. 9.

In the case last above, it was held that where property is contracted to be delivered from the 15th to the 28th of a specified month, both the 15th and 28th are to be excluded. See, also, *Fox* v. *Allensville, etc., T. P. Co.,* 46 Ind. 31, where it was held that in giving notice thirty days previous to the time when payments were to be made on gravel road assessments, the first day of publication should be counted. See,

also, *Hill* v. *Pressley*, 96 Ind. 447, where a like ruling was made in relation to a published notice of a sheriff's sale.

In the case of *Tucker* v. *White*, 19 Ind. 253, it was held that in determining the expiration of the stay of execution "from the time of signing the judgment," the day on which the judgment was signed should be counted, because execution might have been issued on that day but for the entering of replevin bail. That was a case "where the reason of the thing," as stated in the case of *Cook* v. *Gray*, *supra*, controlled.

In the case before us, it is shown that Marks was commissioned as justice of the peace for a term of four years from the 17th day of April, 1882. Under that commission, without doubt, he might have qualified on the 17th day of April, and exercised the functions of his office. He did not qualify on that day, but his delay did not postpone the beginning of his term of office. Nor does it make any difference that the commission was not issued until the 17th day of April. There may have been delay through the neglect of the Governor, or some of the election officers, but such delay did not, in this case, affect the beginning of Marks' term.

By the terms of the commission, which, as we have seen, is all the evidence we have of the beginning of his term, that term was for four years from the 17th day of April, 1882, whether he received the commission on that day or not. Whether or not he did receive it on that day, is not shown by the record. Being quite convinced that under the authority of his commission, Marks might have qualified and discharged the functions of his office of justice of the peace on the 17th day of April, 1882, we are constrained to hold that his term of office began on that day, and that that day must be counted as a part of his term. And as, in such a case, the law does not recognize a fraction of a day, it follows from the above ruling that his term as such justice of the peace expired at midnight of the 16th day of April, 1886.

This brings us to the other question, viz.: When did the term of office of township trustee begin in 1886?

The statute provides, that the election of township trustees shall be held on the first Monday of April. The first Monday of April, 1886, was the 5th day of the month, and on that day the election was held. It is also provided, that on the day following the election, the inspectors shall make out and deliver to the successful candidate a certificate of election. It is further provided, that such certificate shall entitle the holder to qualify and enter upon the discharge of the duties of the office at the expiration of ten days from the day of such election. R. S. 1881, sections 4735, 4736, 4737.

In this case, the general rule above stated applies, and in computing the time, the day of election is to be excluded. This is manifestly so, because the day is taken up with the election. Ten days from the day of the election, therefore, expired with midnight of the 15th day of April, 1886.

On the 16th day of April, the eligible and elected trustee, was entitled to enter upon and discharge the duties of the office. That day, therefore, was properly the beginning of the new term. No other reasonable construction can be given to the above section, 4737.

By the section of the Constitution under consideration, a person elected to a judicial office is ineligible to an office other than judicial, the term of which begins before the expiration of the term of the judicial office. Such is the effect of the ruling in the case of Smith v. Moore, 90 Ind. 294, and the cases there cited, and such is the reasonable construction of the constitutional provision.

It results, therefore, that as Marks' term as justice of the peace had not expired on the 16th day of April, 1886, at which time the term of township trustee began, he was ineligible to that office. The votes cast for him, therefore, can not be counted against appellant, who was eligible. State, ex rel., v. Johnson, 100 Ind. 489. As appellant received the next highest number of votes, he was properly elected, and was, and is, entitled to the office.

Appellee's counsel cite us to section 5527, R. S. 1881, which

provides that if any officer, of whom an official bond is required, shall fail within ten days after the commencement of his term of office, and the receipt of his commission or certificate, to give bond in the manner provided by law, the office shall be vacant. This section does not fix the beginning of the term of any office. It provides for a forfeiture of offices, the terms of which have begun. An elected officer may delay the filing of his bond for ten days after the commencement of his term of office, and, under some circumstances, for a longer time, but such delay does not change the beginning of the term of office.

Marks did not receive his certificate of election until the 8th day of April, although it was issued on the 6th, and did not file his bond until the 17th day of April, but such delay did not postpone nor change the beginning of the term of the office of township trustee. He could not take the office on the 17th, because he was ineligible on the 16th, when the term began.

As the court below found against appellant, and rendered judgment ousting him from the office, the judgment must be reversed.

Judgment reversed, and cause remanded, with instructions to the court below to grant appellant's motion for a new trial, and to proceed in accordance with this opinion.

Filed Sept. 14, 1886; petition for a rehearing overruled Nov. 17, 1886.