**Glen Edwin WALTERS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 67S01–8607–CR–711.

Supreme Court of Indiana.

July 31, 1986.

⬤⬤412.2(2)

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

1. Ind.Code § 35–42–4–3(c).

2. Ind.Code § 35–42–4–3(c).

3. Ind.Code § 35–42–4–3(d).

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

### ON CRIMINAL PETITION TO TRANSFER

DICKSON, Justice.

Defendant Glen Edwin Walters was convicted by a jury of five crimes: 1) child molesting, class C felony [1], 2) child molesting, class C felony [2], 3) child molesting, class D felony [3], 4) dissemination of matter harmful to minors, class A misdemeanor [4], 5) exhibition of obscene matter, class A misdemeanor [5]. His conviction was affirmed in a memorandum decision of the Court of Appeals (First District). 485 N.E.2d 160. Defendant now petitions for transfer on the grounds that the Court of Appeals erroneously failed to address defendant's issue concerning sufficiency of the evidence as to the convictions for exhibiting obscene matter and displaying matter harmful to minors.

These offenses were charged as Counts 1 and 2, with each alleging the offense was committed on or about November 11, 1983. The State placed into evidence three of nine films which had been seized at the defendant's home. The jury viewed the contents of only one of these films. The victim testified that he had seen this film in the defendant's home, and that the two other films admitted in evidence were "about the same" as the one viewed by the jury. The victim testified that he saw two films during each of his nine visits to the defendant's apartment, that he had seen all nine films, and that all of the films were similar in content.

■ Defendant's sufficiency argument is based upon his contention that there was no evidence proving that the specific film shown to the jury was the same film which was exhibited to the victim on the date

4. Ind.Code §§ 35–49–3–3, 35–49–2–2.

5. Ind.Code §§ 35–49–3–1, 35–49–2–1.

alleged in the informations. The victim did not specify when he saw this film, and the precise date cannot be inferred from the context of his testimony.

Defendant's contention erroneously focuses upon the specific date of the charging informations. To the contrary, the following general rule is applicable:

> The law is well settled in Indiana that where time is not of the essence of the offense, the State is not confined to proving the commission on the date alleged in the affidavit or indictment, but may prove the commission at any time within the statutory period of limitations.

*Stallings v. State* (1953), 232 Ind. 646, 114 N.E.2d 771. *See also, Catenacci v. State* (1982), Ind., 436 N.E.2d 1134; *Quillen v. State* (1979), 271 Ind. 251, 391 N.E.2d 817.

Thus, the question is whether the film viewed by the jury as exhibited and displayed to the minor victim at any time within the statutory period of limitations. From the victim's testimony, it is clear that his visits to defendant's apartment occurred at various times during 1983, the year in which the charges were brought against the defendant. It is therefore clear that the evidence was sufficient to prove that the film fully viewed by the jury was shown to the minor victim within the year 1983, and that the criminal offenses were thus committed within the statutory period of limitations.

■ Defendant's Petition to Transfer does not question the memorandum decision of the Court of Appeals as to the other issues decided therein. We therefore now adopt and incorporate the following portions of that decision:

"Synoptically, the evidence favorable to the State shows that S.W.M., a male under 16 years of age, visited Walters' apartment on several occasions. During some of the visits, pornographic films were shown and Walters and S.W.M. engaged in oral and anal sexual activities.

"In his first issue, Walters argues that the evidence is insufficient to support the convictions in several regards. First, it is argued that the victim's uncorroborated testimony is inherently unbelievable and lacked probative value. The other major argument advanced is that there was no evidence to determine the obscenity of the films which were at issue in the misdemeanor counts.

"Our standard of review for sufficiency of the evidence in criminal cases is well known.

> "In reviewing an allegation that a jury verdict is not sustained by the evidence, and is therefore contrary to law, this court will neither reweigh the evidence nor judge the credibility of the witnesses. We shall only consider that evidence which is most favorable to the state, along with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value from which the jury could have inferred guilt, the conviction will stand. A verdict on which reasonable men might differ will not be set aside. It is only where no reasonable man could find that the evidence presented proves the accused guilty beyond a reasonable doubt that a verdict is not sustained by sufficient evidence. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805; *Covington v. State,* (1975) 262 Ind. 636, 322 N.E.2d 705; *Hutchinson v. State,* (1967) 248 Ind. 226, 225 N.E.2d 828.

"*Phelps v. State,* (1983) Ind.App., 453 N.E.2d 350.

"We note that, generally, conviction of a sex crime may be based upon the uncorroborated testimony of the victim. *Skaggs v. State,* (1982) Ind.App., 438 N.E.2d 301.

"Walters argues that the testimony of S.W.M. is inherently unbelievable in its entirety because of numerous inconsistencies and contradictions particularly as it relates to various dates of the visits to Walters' apartment. When faced with a claim of inherently improbable or incredibly dubious testimony, the court on review will only reverse when no reasonable person could believe it. *Shippen v. State,* (1985) Ind., 477 N.E.2d 903. Such discrepancies go the weight of the evidence and the credibility

of the witness and, as a result, are beyond our review. *Chandler v. State*, (1983) Ind., 451 N.E.2d 319. When S.W.M.'s testimony is reviewed from an appellate perspective, we are of the opinion that it does not reach to the inherently unbelievable catagory [sic]. We decline any suggestion that we reweigh the evidence or assess the credibility of the witness. *Chandler, supra.*

"In a similar manner, Walters argues that the testimony regarding S.W.M.'s age, as it relates to the child molesting felonies, is dubious for the reason that some of his later visits to Walters' apartment may have occurred after his 16th birthday which would remove S.W.M. from the essential elements of IND. CODE 35–42–4–3(a) and (d) which require the victim to be less than 16 years of age. However, the evidence shows that only the last visit to Walters' apartment by S.W.M. occurred after his 16th birthday.

"A review of the evidence favorable to the State shows that Walters was charged for molestations occurring between September 1 and November 1, 1983. S.W.M.'s testimony was that he visited Walters' apartment eight or nine times during the summer of 1983 with the sixth visit occurring in late summer and the seventh visit in September. S.W.M. turned 16 on November 6, 1983. Any discrepancies or contradictions in S.W.M.'s testimony are for consideration by the trier of fact. While exact dates may be in some confusion, the facts viewed in a light favorable to the verdict show that prior to S.W.M.'s sixteenth birthday and between September 1st and November 1st, Walters fondled S.W.M. with the appropriate intent on at least one occasion and that deviate sexual conduct occurred between the two on at least two occasions.

\*   \*   \*   \*   \*   \*

"Walters' next issue contends that his convictions for exhibition of obscene material (IND. CODE 35–49–3–1) and displaying harmful matter to minors (IND. CODE 35–49–3–3) are duplicitous and that he cannot be punished for both offenses for the reason each charge does not require proof of an element which the other does not.

"The applicable statutes read:

"35–49–3–1 Sale or distribution or exhibition of obscene matter

"Sec. 1. A person who knowingly or intentionally:

\*   \*   \*   \*   \*   \*

"(2) offers to distribute, distributes, or exhibits to another person obscene matter;

"commits a Class A misdemeanor.

"35–49–3–3 Dissemination of matter or conducting performance harmful to minors

"Sec. 3. A person who knowingly or intentionally:

"(1) disseminates matter to minors that is harmful to minors;

"(2) displays matter that is harmful to minors in an area to which minors have visual, auditory, or physical access, unless each minor is accompanied by his parent or guardian;

\*   \*   \*   \*   \*   \*

"(4) engages in or conducts a performance before minors that is harmful to minors;

"(5) engages in or conducts a performance that is harmful to minors in an area to which minors have visual, auditory, or physical access, unless each minor is accompanied by his parent or guardian;

\*   \*   \*   \*   \*   \*

"commits a Class A misdemeanor.

"The charging affidavit in the 1st count charged Walters with "exhibit[ing] to another person obscene matter", *i.e.*, one of the films discussed in the first issue. The 2nd count charged Walters with "display[ing] pornographic films and conduct[ing] a performance which, as a whole, appealed to the prurient interest in sex of minors." Both counts charge Walters with knowingly and intentionally doing the above on November 11, 1983.

"The solution to this issue is whether each offense requires proof of an additional

fact which the other does not. *Morris v. State*, (1980) 272 Ind. 452, 398 N.E.2d 1284.

"The obvious difference in these charges is that Walters must have conducted a performance in order to be guilty of the 2nd count. A performance is defined by IND. CODE 35–49–1–7(7) as:

" 'Performance' means any play, motion picture, dance, or other exhibition or presentation, whether pictured, animated, or live, performed before an audience of one (1) or more persons.

"The State argues, and the evidence supports, the proposition that the showing of the pornographic film supports the first count and that the performance referred to in the second count consisted of Walters, while dressed in underwear, seated on a couch with S.W.M. and attempting to entice S.W.M. into a form of sexual deviate conduct. Thus, under the facts of this case, we conclude that Count 1 and Count 2 are not duplicitous. We must also observe that the sufficiency of the evidence as to whether Walters' conduct constituted a performance as it relates to Count 2 is not challenged.

"Walters' next issue stems from the fact that he was not given a Miranda warning prior to giving a statement to the police while at the station house. In this statement, Walters expressed a homosexual preference and corroborated, to a degree, some of the statements made by S.W.M. about the happenings during visits to Walters' apartment. The uncontroverted fact dispositive of this issue is that Walters was told by the police investigator that he was not under arrest, was free to leave if he chose to do so, and the statement was voluntary on Walters' part. The statement was made in a non-custodial situation and there was no requirement for the Miranda warning. *Lawhorn v. State*, (1983) Ind., 452 N.E.2d 915. Nor was the situation an inherently coercive custodial interrogation requiring a Miranda warning. *Resnover v. State*, (1984) Ind., 460 N.E.2d 922.

"Walters' fourth issue asserts that his sentence was manifestly unreasonable because improper sentencing factors were considered, mitigating factors ignored, and his sentence was clearly disproportionate to the nature of the offense.

"We note that if the sentences imposed were authorized by statute, and if those sentences are not manifestly unreasonable, and if the record discloses the trial court's findings as they pertain to aggravating and mitigating circumstances, then the court on review will not revise the sentence. *Bish v. State*, (1981) Ind., 421 N.E.2d 608. The trial judge found that the lack of a prior criminal record was a mitigating factor and that aggravating circumstances, summarized, included an apparent lack of remorse and a history of similar acts with other young males. The sentence and the record comply with the requisite criteria. We are unable to say as a matter of law there was a manifest abuse of discretion. *Freed v. State*, (1985) Ind., 480 N.E.2d 929.

"Walters' final argument questions the admission of three witnesses' testimony who generally testified about their visits to Walters' apartment. The witnesses testified that they watched pornographic films and at the time their ages ranged from thirteen to nineteen years. Two testified that Walters attempted to touch them in a sexual manner during their visit. Walters argues that the evidence was immaterial and highly prejudicial.

"There is no error associated with the trial court's ruling on the motion in limine intended to thwart the introduction of this evidence. *Wilson v. State*, (1982) Ind., 432 N.E.2d 30. Moreover, the evidence complained of was admitted without objection based upon the appellate argument. The issue is waived. *Williams, supra.*"

The foregoing excerpts of the Court of Appeals opinion, having disposed of the remaining issues which defendant presented in his initial appeal to said court, the judgment of the trial court is now affirmed.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.