972 F.2d 1447
 Jack L. BAILEY, Plaintiff-Appellant,
v.
CITY OF LAWRENCE, INDIANA, Thomas D. Schneider, as Mayor of
the City of Lawrence, as a member of the Lawrence Board of
Public Works and Safety and individually, Harry D. Inskeep,
as a member of the Lawrence Board of Public Works and Safety
and individually, et al., Defendants-Appellees.
 No. 91-2745.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 27, 1992.
Decided Aug. 20, 1992.
As Amended on Denial of Rehearing Oct. 2, 1992.
 
 John C. Ruckelshaus, David T. Hasbrook (argued), Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, Ind., for plaintiff-appellant.
 David F. Rees (argued), Lawrence, Ind., for defendants-appellees.
 Before COFFEY and MANION, Circuit Judges, and SHABAZ, District Judge.*
 MANION, Circuit Judge.
 
 
 1
 Pursuant to Ind.Code § 36-8-4-7, a person may not be appointed to the police department after the person has "reached thirty-six (36) years of age." In 1987, the City of Lawrence, Indiana (Lawrence), appointed Jack L. Bailey to the Lawrence Police Department the day before Bailey's thirty-sixth birthday. In 1990, Lawrence discharged Bailey without a hearing, and Bailey filed suit against the defendants in Indiana state court alleging violations of 42 U.S.C. § 1983 and Indiana law. The defendants removed the case to federal district court, and both parties filed cross-motions for summary judgment. The district court entered summary judgment for the defendants. The court reasoned that Bailey had been ineligible for appointment to the police force because Indiana had adopted the "coming of age" rule under which Bailey had "reached thirty-six (36) years of age" the day before his birthday. Since Bailey's appointment was void ab initio, the court concluded that Bailey was not entitled to any of the termination procedures provided in Ind.Code § 36-8-3-4. We conclude that under Indiana law a person does not reach a given age until his or her birthday; thus we vacate the judgment and remand the case to the district court for further proceedings.
 
 I. Background
 
 2
 The Indiana Code explicitly states that "a person may not be appointed to the police department after the person has reached thirty-six (36) years of age." Ind.Code § 36-8-4-7. Jack L. Bailey was born on December 10, 1951. On December 10, 1987, the Board of Public Works and Safety of the City of Lawrence ("Board") approved the appointment of Jack Bailey as a Lawrence police officer effective December 9, 1987, the day before Bailey's thirty-sixth birthday.
 
 
 3
 Two-and-a-half years later, on June 18, 1990, the City Attorney wrote to the Board and the Chief of Police and explained that under Indiana law Bailey had already reached 36 years of age on December 9, 1987 and therefore had been ineligible for appointment to the Lawrence police force under Ind.Code § 36-8-4-7. On June 28, 1990, the Board ruled that Bailey's appointment to the police force had been invalid, and in a letter dated June 28, 1990, the Lawrence Chief of Police notified Bailey that he was discharged. Because Bailey's appointment was deemed void ab initio, Lawrence did not afford Bailey the procedures provided in Ind.Code § 36-8-3-4 for termination of police officers.
 
 
 4
 On appeal we must determine whether the district court correctly concluded that Bailey had not met the age restriction in Ind.Code § 36-8-4-7 and was therefore invalidly appointed to the Lawrence police force on December 9, 1987.
 
 II. Analysis
 
 5
 In examining the district court's grant of summary judgment we will review de novo the record and the controlling law. Woods v. City of Michigan City, 940 F.2d 275, 277 (7th Cir.1991). Bailey and the defendants generally agree upon the facts found by the district court. When the parties do not dispute the factual basis of a motion for summary judgment, our review centers on whether the district court should have issued summary judgment as a matter of law. Id.
 
 
 6
 As the basis of his section 1983 action, Bailey contends that the defendants violated his constitutional rights by discharging him from the Lawrence police force without due process. To prevail, Bailey must establish a property interest in his employment. Wolf v. City of Fitchburg, 70 F.2d 1327, 1330 (7th Cir.1989). As both parties recognize, however, the Constitution does not create property interests.
 
 
 7
 Rather, [property interests] are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.
 
 
 8
 Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Therefore, to ascertain Bailey's property interest in his employment on Lawrence's police force, we turn to Indiana law.
 
 
 9
 The defendants agree that if Bailey had been validly appointed to the police force, he would have a property interest in his position and would have been entitled to due process before being discharged. Parrett v. City of Connersville, 737 F.2d 690, 693-94 (7th Cir.1984), cert. dismissed, 469 U.S. 1145, 105 S.Ct. 828, 83 L.Ed.2d 820 (1985) (Ind.Code § 36-8-3-4(b) confers on a member of the police force a property interest in his employment). Nevertheless, the district court determined (and the defendants insist on appeal) that Bailey's appointment was invalid. If Bailey's appointment was invalid, then he had no property interest and therefore no right to due process before being discharged. See Hannon v. Turnage, 892 F.2d 653, 656-59 (7th Cir.), cert. denied sub nom. Hannon v. Derwinski, --- U.S. ----, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990) (physician who did not meet the statutory requirements for employment with the Veterans Administration at the time of appointment had no property right in employment); cf. City of Frankfort v. Logan, 168 Ind.App. 81, 341 N.E.2d 510, 513-515 (1976) (employment contract between city and policeman void because policeman had been more than 36 at time of the contract; policeman not entitled to due process before discharge).
 
 
 10
 The validity of Bailey's appointment turns on whether Bailey was 36 years old on December 9, 1987 (the day before his thirty-sixth birthday). This in turn depends on the precise words used in Ind.Code § 36-8-4-7. Prior to 1986, the age requirement in Ind.Code § 36-8-4-7 read: "A person may not be appointed as a member of the police department after he has reached his thirty-sixth birthday." Ind.Code Ann. § 36-8-4-7 Historical and Statutory Notes (West Supp.1991) (emphasis added). Bailey's thirty-sixth birthday was not until December 10, 1987. Under the prior statute, therefore, his December 9, 1987 appointment would have met the age requirement. At the time the Board purportedly appointed Bailey, however, Ind.Code § 36-8-4-7 provided (as it does now):
 
 
 11
 A person may not be appointed as a member of the police department after the person has reached thirty-six (36) years of age.
 
 
 12
 Ind.Code Ann. § 36-8-4-7 (West Supp.1991) (emphasis added). Fixing its attention on the italicized phrase, the district court concluded that Indiana adopted the "coming of age" rule in Wells v. Wells, 6 Ind. 447 (1855), so that a given age is attained the day before one's birthday. Consequently, Bailey had already "reached thirty-six (36) years of age" on December 9, 1987. Under the district court's analysis, then, Bailey was ineligible for appointment to Lawrence's police force. Since Bailey's appointment was invalid, the district court determined that Bailey lacked a property interest in his position and was not entitled to any procedural protections before being discharged. Mem. Op., Jul. 10, 1991, at 5.
 
 
 13
 The "coming of age" rule is a curiosity of common law of uncertain origin. 5 A.L.R.2d 1143, 1145 (1949). Although the rule supposedly applies to the determination of any age, courts have used the rule most often to ascertain the date upon which the incapacities of infancy are removed. 5 A.L.R.2d at 1143. Indeed, Wells, on which the defendants rely, addressed the removal of a minor's incapacity.
 
 
 14
 In 1853, E.R. Wells sought to reopen an 1834 case in which the court had transferred title to property from E.R. Wells to his father. Wells, 6 Ind. at 447. At the time of the 1834 transfer, E.R. Wells was only six years old. Although a guardian ad litem had filed an answer to the father's bill in chancery on behalf of E.R. Wells when the transfer was made, the court had neither heard evidence nor provided any process to E.R. Wells. The Wells court determined that November 1853 was not too late for E.R. Wells to reopen the case on the basis of the alleged procedural errors and made the following observation:
 
 
 15
 If ... we fix his birth-day [sic] at September 23, 1828, he was of age September 22, 1849. That was the date of the removal of the disability. From that date he had five years to bring error. The transcript was filed, and errors assigned in this Court, November 12, 1853. So that he is entitled to his writ of error....
 
 
 16
 Id. at 448 (emphasis added). The defendants maintain that the italicized language shows that the Indiana Supreme Court adopted the "coming of age" rule and determined that a person attains a given age the day before his birthday.
 
 
 17
 We think that the defendants read too much into the Wells decision. Whether or not E.R. Wells became 21 on September 23, 1849 or September 22, 1849 had no bearing on the court's decision since in either case his November 12, 1853 filing fell within the five year period for bringing error. Therefore, the court's mention of the date on which E.R. Wells was "of age" is dicta. Even if the court's statement was not dicta, however, it did not establish a general rule that a person attains a given age on the day before the person's birthday. At most Wells simply recognized an exception to the general rules for computing time which provided (and continue to provide) that the day of the initiating event was generally not counted when computing time from the event. Vogel v. State ex rel. Laud, 107 Ind. 374, 8 N.E. 164, 166 (1886) (citing Wells and other Indiana cases); cf. Ind.Code § 34-1-61-1 (1983). Where attaining a certain age initiates the running of a statute of limitations, the Wells court suggested that the person's birthday is counted. If E.R. Wells' birthday had been excluded in the calculation, he would have had until September 23, 1854 to file, but since his birthday was included he had only until September 22, 1854. But see McClain v. Chavez, 178 Ind.App. 560, 383 N.E.2d 414, 415 (1978) (stating that under a statute giving two years after disability is removed to file a cause of action, a person who was a minor when a cause of action for personal injury accrues had "until his 23rd birthday to file" his cause of action).
 
 
 18
 Only five Indiana cases have cited Wells, and not one of them contends that a person attains a given year of age the day before his birthday. In State v. Smithers, 256 Ind. 512, 269 N.E.2d 874 (1971) the court cited Wells after stating that "a minor is one under twenty-one years of age." Id. 269 N.E.2d at 878. In both Alexander v. Frary, 9 Ind. 481, 483 (1857), and De la Hunt v. Holderbaugh, 58 Ind. 285, 287 (1877), the court cited Wells in a discussion of the proper service of process where infants are involved.
 
 
 19
 Recently, in an opinion issued after oral argument on this case, an Indiana Appellate Court cited Wells when discussing the meaning of the word "minor" used in a marriage dissolution decree. Bainter v. Bainter, 590 N.E.2d 1134 (Ind.App.1992). The court included the following observations in its discussion:
 
 
 20
 A minor is a person under full legal age, i.e., a person under a legal disability. See Wells v. Wells, 6 Ind. 447 (in 1849 a person's legal disabilities were removed the day preceding his or her twenty-first anniversary of birth); I.C. 1-1-4-5(6) (1991 Supp.) (for purposes of all Indiana statutes, the term "minor" means "a person less than eighteen (18) years of age").... Under present Indiana law, a person's legal disabilities are removed upon attaining eighteen years of age.
 
 
 21
 Id. at 1136 (citing statutes) (emphasis added). Although the court did not directly address the issue in this case, the language used by the court suggests that Wells should not be read as the defendants propose. The court qualified the holding in Wells with the phrase "in 1849." Furthermore, when noting present Indiana law, the court stated that legal disabilities are removed "upon attaining" 18 years of age without suggesting that this occurs the day before the eighteenth anniversary of an individual's birth.
 
 
 22
 Vogel is the only Indiana case citing Wells that discusses the expiration of time periods. In Vogel, the court was attempting to ascertain precisely the expiration date for a justice of the peace's term that began on April 17, 1882. Citing Wells, the court noted that if the seventeenth were included, then the term ended at midnight on April 16, 1886, rather than on April 17. Vogel, 8 N.E. at 166. The Vogel court's analysis suggests that the point of Wells was not that a person actually attains a given age the day before his birthday but simply that a person's birthday is included in calculating a time period running from the attainment of a certain age.
 
 
 23
 In calculating the expiration of Bailey's thirty-fifth year, therefore, we cannot conclude that Bailey reached 36 years of age on December 9, 1987, the day before his birthday. Wells does suggest, however, that the day of Bailey's birth should be included in the calculation. Therefore, Bailey's thirty-fifth year expired at midnight on December 9, 1987 (on a 24-hour clock this would be 2400, December 9, 1987) rather than on December 10, 1987. Since Bailey's appointment was dated December 9, 1987, Bailey was apparently appointed before he "reached thirty-six (36) years of age" as required by the statute.[1]
 
 
 24
 Our analysis in this case comports with general principles of statutory construction. As we noted above, prior to 1986 Ind.Code § 36-8-4-7 prohibited the appointment to the police force of anyone who had "reached his thirty-sixth birthday"; whereas in 1987, the statute prohibited the appointment of anyone who had "reached thirty-six (36) years of age." We recognize that the Indiana courts have held that a statutory amendment that changes the phraseology of the previous statute, like the 1987 amendment to Ind.Code § 36-8-4-7, raises a presumption that a change in meaning was also intended. E.g., Aeronautics Comm'n v. State, 440 N.E.2d 700, 709 (Ind.App.1982). On the other hand, where the plain meaning of the words is unambiguous, we need not contrive a new meaning for them just to satisfy a presumption. Where a word or a phrase has not been otherwise defined in a statute, a court should give it its plain and ordinary meaning. Sidell v. Review Board, 428 N.E.2d 281, 284 (Ind.App.1981). The phrase "reached thirty-six (36) years of age" has not been defined by statute. Rather than deriving its meaning from an obscure 1855 case, we interpret the phrase consistent with the ordinary meaning of the words and conclude that one "reaches thirty-six (36) years of age" when one reaches one's thirty-sixth birthday.[2]
 
 
 25
 Our interpretation of Ind.Code § 36-8-4-7 conforms with the Indiana courts' understanding of similarly worded statutes. No Indiana case has addressed the specific issue raised by this case. Nevertheless, in discussing statutes worded like Ind.Code § 36-8-4-7, the Indiana courts have suggested (without specifically holding) that a person does not reach a given age until his birthday. In Brown v. Brown, 581 N.E.2d 1260 (Ind.App.1991), for example, the court discussed the child support statute providing that the duty to provide support for a child ceases when the child " 'reaches twenty-one (21) years of age.' " Id. at 1263 (quoting Ind.Code § 31-1-11.5-12(d)). Throughout its discussion, the court indicated that the child would reach 21 on her twenty-first birthday. Id. at 1263-64. Similarly, in Walters v. State, 495 N.E.2d 734 (Ind.1986), the court discussed sections of the child molestation statute which requires the victim to be "under sixteen (16) years of age." Ind.Code § 35-42-4-3(d). Like the court in Brown, the Walters court implied that the victim turned 16 on his sixteenth birthday, November 6, 1983, not the day before. Id. at 737.[3]
 
 
 26
 The Indiana Code is replete with other statutes that define entitlements and rights in terms of age. E.g., Ind.Code § 1-1-4-5(1) (defining an "adult" as a person "at least eighteen (18) years of age"); Ind.Code § 5-2-5.1-14(a) (sealing a person's juvenile history file when the person "reaches twenty-two (22) years of age"); Ind.Code § 5-10.2-3-7.5(c) (retirement and disability benefits payable to a surviving dependent beneficiary continue if a dependent is permanently and totally disabled "at the date the dependent reaches eighteen years of age"); Ind.Code § 11-13-6-4(a) (an offender released on parole remains on parole until he "reaches twenty-one (21) years of age ..."); Ind.Code § 20-6.1-4-9(b) (an indefinite contract with a permanent teacher remains in force until the teacher "reaches seventy-one (71) years of age ..."); Ind.Code § 31-6-6.1-6(b) (A child may file a paternity action petition at any time before he "reaches twenty (20) years of age. If the child is incompetent on his eighteenth birthday, he may file a petition within two (2) years after he becomes competent.").
 
 
 27
 Courts are bound to construe a statute to avoid absurd results and favor public convenience. E.g., Sidell, 428 N.E.2d at 284. If a person reaches a given age the day before his birthday, however, application of many statutes would have some unexpected results. We decline to interpret Ind.Code § 36-8-4-7 to operate in a manner so plainly at odds with the common operation of Indiana statutes.
 
 Conclusion
 
 28
 We conclude that under Indiana law a person does not attain a given age until the date of his or her birthday. Thus, because his thirty-sixth birthday was on December 10, 1987, Bailey had not "reached thirty-six (36) years of age" on December 9, 1987. Accordingly, the district court improperly granted the defendants' motion for summary judgment. We VACATE the judgment for the defendants and REMAND this case to the district court for further proceedings.
 
 
 
 *
 Hon. John C. Shabaz, District Judge for the Western District of Wisconsin, is sitting by designation
 
 
 [1]
 On remand the district court will determine the validity of the remaining challenges to Bailey's appointment
 
 
 [2]
 We have no way of ascertaining the Indiana legislature's intent when it amended Ind.Code § 36-8-4-7 because the legislative history of the 1986 change in the statute deleting the first two sentences of former Ind.Code § 36-8-4-7 and the 1987 amendment inserting the present language are not available. We note, however, that the 1986 repeal followed the September 30, 1985 decision of the Federal District Court for the Southern District of Indiana enjoining the enforcement of Ind.Code § 36-8-4-7 after concluding that the statute violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. The reinstatement of the age requirement in 1987 using the phrase "after a person reaches thirty-six years of age" rather than the phrase "after he has reached his thirty-sixth birthday" appears to be an effort to include an age requirement with gender neutral language rather than an attempt to exclude those applicants who are one day shy of their thirty-sixth birthday
 
 
 [3]
 At oral argument, Bailey cited Fallowfield v. Indiana, 240 Ind. 543, 167 N.E.2d 44 (1960) in support of his position for the first time. This court directed Bailey to submit the case as supplemental authority pursuant to Fed.R.App.P. 28(j) and directed the defendants to respond in writing. In Fallowfield, the Indiana court held that a fire department appointee was not "over the age of thirty-five years" on his thirty-fifth birthday anniversary. Id. 167 N.E.2d at 47. The holding in Fallowfield is inapposite to the precise issue in this case. However, the court relied on an Attorney General opinion that stated that "a fireman who has reached his thirty-fifth [35th] birthday, but has not reached his thirty-sixth [36th] birthday when appointed to the Fire Department, is eligible to participate in the Fireman's Pension Fund." Id. at 47. The language is that of the Attorney General, and the court adopted it to address an issue different from the one raised in this case. It therefore has only limited persuasive value. We note, however, that like the statements in the cases cited above, this language in Fallowfield suggests that a person does not attain a given year of age until his birthday