**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2018[*]
Decided April 5, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-2138

| | |
|---|---|
| CLEVELAND HARDY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 15 C 1174 |
| CITY OF CHICAGO and GARRY MCCARTHY, | Milton I. Shadur, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Cleveland Hardy, an officer in the Chicago Police Department, contends that the City and the former police superintendent, Garry McCarthy, violated his right to due process by removing him from the position of sergeant without a hearing. He worked as a sergeant for about a week before the City discovered that he had failed the promotional exam and refused to finalize his promotion. The district judge entered

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

summary judgment for the defendants, and we affirm. Having failed the promotional exam, Hardy had not acquired a property interest in the sergeant's position. So the city's removal of him from that position without a hearing did not offend due process.

Hardy knows McCarthy personally. After McCarthy became Superintendent in 2011, Hardy was one of his two drivers for roughly three years. When the police department announced openings for the sergeant position, McCarthy and Hardy discussed the possibility of Hardy applying. Command staff below the rank of deputy superintendent could nominate a candidate for this promotion as long as the candidate had passed an exam administered in 2006. (This requirement arose from the city's adoption of a Hiring Plan in response to *Shakman v. Democratic Organization of Cook County*, No. 69 C 2145 (N.D. Ill. filed Oct. 17, 1969).) The exam's announcement reiterated that to be eligible for promotion to sergeant, candidates must pass the exam. It also said that "[a]t any time during the examination process, the Department of Human Resources and the Chicago Police Department reserve the right to modify the … qualifications deemed appropriate to evaluate applicants for this position."

Hardy failed the exam. He says that he never told McCarthy that he failed, and McCarthy did not check to see whether Hardy passed the exam. But McCarthy asked his chief of staff to "see if you could get Cleve that nomination [for promotion] if it's available." The chief of staff turned to Commander Jonathan Johnson, who also did not check whether Hardy had passed the exam. Johnson nominated Hardy for promotion and submitted Hardy's application packet to the city's Merit Selection Board for review.

The Board did not recommend Hardy for promotion, but he briefly became a sergeant anyway after McCarthy interviewed nominees and selected Hardy for one of the openings. Hardy later attended and graduated from sergeant training at the Police Academy. Roughly a week after Hardy started work as a sergeant and purchased the sergeant's uniform for $3,000, the city's Human Resources Department noticed that he had not passed the sergeant's exam. Once this department caught the error, it alerted the police department's human-resources office that Hardy had not passed the test. The police department told Hardy that he could not be a sergeant and cancelled his promotion.

After the police department withdrew Hardy's promotion, the First Deputy Superintendent told him that the City had not always enforced the requirement that sergeant applicants pass the exam. According to Hardy, the First Deputy said "there are

a lot of people on this job that did not have all qualifications and the superintendent made the decision, because he can, to promote [sic] … I know a guy right now that didn't even take a test at all, by the name of Jerry Masterson."

Hardy turned to federal court, suing the City and McCarthy under 42 U.S.C. § 1983 for allegedly depriving him of his property interest in his promotion to sergeant without due process in violation of the Fourteenth Amendment. During discovery Hardy sought from the City all documents relating to Masterson's promotion to sergeant, which occurred 11 years earlier. After a magistrate judge ordered the City to turn them over, the City responded that it had no records of Masterson's exam performance. This prompted Hardy to ask the magistrate judge to bar the City from disputing that it allowed sergeants to retain their positions even when the City later found that they never qualified. The magistrate judge denied the motion but made two rulings. The judge prohibited the City from contending that Masterson was qualified for his promotion to sergeant. And the judge ruled that if the district judge found that Masterson's promotion was relevant to Hardy's case, Hardy could ask the district judge for "any inference in his favor." Hardy never asked for any inference.

The City and McCarthy moved for summary judgment, and the district judge granted their motions. A reasonable factfinder could not conclude, the judge said, that Hardy had acquired a property interest in his promotion to sergeant. The judge explained that, because Hardy had not passed the exam, the promotion "was never lawfully his." And the judge rejected as hearsay Hardy's assertion that the First Deputy told him that the police department hired Masterson as a sergeant even though he did not pass the exam. Therefore, the judge ruled, Hardy did not establish a triable question on whether the City has ignored the exam requirement.

On appeal Hardy asserts that he established a triable question about whether he had a property interest in his promotion. A plaintiff's appointment to a police force does not create a property interest in that position if the plaintiff concedes that he did not meet a requirement for hiring. *See Bailey v. City of Lawrence*, 972 F.2d 1447, 1449 (7th Cir. 1992). This principle follows from the general rule that when a plaintiff concedes that he lacks the factual basis necessary for a property interest, due process is not implicated. *See Codd v. Velger*, 429 U.S. 624, 627–28 (1977). Hardy admits that he did not pass the 2006 sergeant's exam. Under the Hiring Plan and announcement for that exam, passing was a requirement for becoming a sergeant. The City therefore could

remove him from a position for which he admits he was never qualified without offending due process.

Hardy responds that he *was* qualified because McCarthy could and did "overrule" the exam requirement. McCarthy did so, Hardy contends, by asking Johnson to nominate Hardy for promotion, by choosing Hardy for promotion, and by thus exercising his right "to modify" the qualifications for sergeant, as Hardy believes the exam's announcement allowed. But for two reasons, this argument is unpersuasive. First McCarthy told his chief of staff only to see "if" he could get Hardy a promotion nomination "if" it was available. Hardy presented no evidence suggesting that McCarthy or anyone in his chain of command ever knew that Hardy did not pass, let alone that McCarthy ordered Hardy promoted even if he had failed. Second McCarthy could not "overrule" the requirement that Hardy pass the exam. To the contrary, as stated in the 2006 exam announcement that Hardy relies on, the police department could "modify" the qualifications for sergeant only "during the examination process." That process ended long before McCarthy became Superintendent in 2011.

Hardy offers two alternative arguments that are also unavailing. First he argues that even if his promotion were invalid, a reasonable factfinder could conclude that he acquired a property interest in the job because he graduated from the Police Academy, worked as a sergeant for over a week, and was chosen by McCarthy for promotion. But given the requirement that he pass the exam, his awareness that he had failed it, the lack of evidence that McCarthy could or did abolish the requirement, and the fact that the City did not put him on the payroll as a sergeant, his reliance on a personnel mistake was unreasonable and did not create a property interest. *See Forgue v. City of Chicago*, 873 F.3d 962, 970 (7th Cir. 2017); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1334 (7th Cir. 1989) (ruling that property interests cannot arise from "representations of government officials who are not authorized to make such representations").

Second Hardy argues that a reasonable factfinder could conclude that the city's history of "loosely and subjectively" applying the exam requirement, which he contends is reflected in the case of Masterson, created a property interest in his position. For proof, he says that the First Deputy Superintendent said that Masterson became a sergeant even though he did not take the exam. But as the district judge correctly noted, Hardy's statement is offered for the truth of the matter that he says the First Deputy asserted and is therefore inadmissible hearsay. *See* FED. R. EVID. 801(c), 802. To avoid the hearsay problem, Hardy could have proffered sworn testimony from the First Deputy,

but did not. He also could have asked the district judge to infer from the city's failure to produce Masterson's test records that Masterson was promoted despite never passing the exam. But he did not do this either. Although Hardy complains on appeal about the City not producing Masterson's test records, it is too late now to argue for such an inference here. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) ("It is a well-established rule that arguments not raised to the district court are waived on appeal.").

AFFIRMED