Keith BAINTER, William Bainter, and Teresa George, Appellants–Plaintiffs,

v.

Evadean BAINTER, Appellee–Defendant.

No. 18A02–9107–CV–283.

Court of Appeals of Indiana, Second District.

May 4, 1992.

Steven C. Smith, Anderson, for appellants-plaintiffs.

William Clifford, Anderson, for appellee-defendant.

SHIELDS, Judge.

Keith Bainter Jr., William Bainter, and Teresa (nee Bainter) George appeal the trial court's award of their deceased father's life insurance proceeds to his wife Evadean Bainter.

We affirm.

## ISSUE

Whether the trial court erred in finding Melvin Bainter's obligation to name his children as beneficiaries on a life insurance policy pursuant to a dissolution decree terminated upon the children's emancipation.

## FACTS

Melvin Keith Bainter and Judith Ann (Bainter) Bowen divorced on July 10, 1981. The decree of dissolution awarded Judith custody of the couple's three children: Melvin Keith Jr. (Keith), born November 26, 1961; William David, born January 17, 1963; and Teresa Lucille, born October 10, 1965, and ordered Melvin to pay child support, provide medical, optical, and dental care, and "name his minor children as beneficiaries under any life insurance policy presently in force or which he shall obtain prior to his youngest child reaching the age of twenty-one (21)." Record at 110. At the time of divorce, Keith, William, and Teresa were nineteen, eighteen, and fifteen years old, respectively.

Melvin married Evadean (Bowen) Bainter on August 1, 1981. Thereafter, he changed the beneficiary designation on an existing life insurance policy, in effect at the time of the dissolution decree, from his children to Evadean.

At a hearing held on July 9, 1984, concerning child support payments, the court declared then-nineteen-year-old Teresa emancipated; Keith, at age twenty-two, and William, at age twenty-one, were emancipated by operation of law.

Following Melvin's death on November 5, 1984, United Farm Bureau Insurance Company issued a check to Evadean in the amount of eleven thousand four hundred twenty dollars and twenty-eight cents ($11,420.28), representing the death benefits from Melvin's insurance policy. The Bainter children filed an action against Evadean to recover the proceeds of the insurance policy.

The trial court found against the Bainter children and entered judgment in favor of Evadean. The Bainter children appeal.

## DISCUSSION

■ The parties' disagreement concerns the correct interpretation of the provision in the dissolution decree that shall "name his minor children as beneficiaries under any life insurance policy presently in force or which he shall obtain prior to his young-

est child reaching the age of twenty-one (21)." Record at 110.

The provision requires interpretation: the initial clause requires Melvin to name his *minor* children as beneficiaries on the life insurance policy in force at the time of the dissolution, while the second clause requires Melvin to name his minor children as beneficiaries on any policy he obtains prior to his youngest child reaching *twenty-one.*

A minor is a person under full legal age, i.e., a person under a legal disability. *See Wells v. Wells* (1855), 6 Ind. 447 (in 1849 a person's legal disabilities were removed the day preceding his or her twenty-first anniversary of birth); IC 1–1–4–5(6) (1991 Supp.) (for purposes of all Indiana statutes, the term "minor" means "a person less than eighteen (18) years of age"); Random House Webster's College Dictionary 863 (1991). Under present Indiana law, a person's legal disabilities are removed upon attaining eighteen (18) years of age. *See, e.g.*, IC 3–7–1–1 (1988) (eighteen year old may vote); IC 16–8–12–1 (1988) (eighteen year old may consent to medical treatment); IC 29–1–5–1 (1988) (eighteen year old may execute a will); IC 29–1–10–1 (1991 Supp.) (eighteen year old may serve as personal representative); IC 29–3–1–10 (1991 Supp.) (anyone under eighteen is a minor for purposes of Title 29); IC 30–4–1–2 (1991 Supp.) (for purposes of Title 30 an adult is anyone eighteen years of age or older); IC 31–6–1–9 (1991 Supp.) (a child is a person under eighteen years of age for purposes of Title 31); IC 32–1–2–2 (1991 Supp.) (persons under eighteen may not alienate land).

At the time of the dissolution decree only one child, Teresa, was a minor. However, the trial court's intent in using the term minor is called into question by the fact that Bainter could not comply with the second clause if the term minor is correctly used in the first clause. It would have been impossible for Bainter to name his minor children (children under eighteen years of age) as beneficiaries of any policy

which he obtains prior to the youngest child reaching twenty-one because there could be no such child (i.e., once the youngest child reaches eighteen, that child would no longer be a "minor"—thus, there would no longer be minor children to name in any policy during the three years until the youngest child reaches twenty-one).

Further interpretation of the provision is required because the decree is silent as to the duration of Melvin's obligation to name certain of his children as beneficiaries.

The trial court interpreted the contested provision based upon its determination the decree "sought to protect the rights of unemancipated children during the time in which support was due from Melvin. Such a decree has no effect after the children are emancipated and consequently, Melvin was free to change beneficiaries as he saw fit." Record at 152.

The children acknowledge that the intent of the insurance provision was, in part, to protect their interest in child support during their minority. However, they assert an additional intention to protect their interests "in Melvin's estate in the event of his remarriage or Melvin's excluding them under his Last Will and Testament." Appellants' Brief at 9.

The trial court's judgment protects the interest of the children in child support during their minority; it does not protect their asserted interest in Melvin's estate. However, the existence of this second, additional intent in the dissolution court's insurance provision is negated by the dissolution court's designation of the beneficiaries of Melvin's existing life insurance policy as his "minor children," rather than by their particular names or by the designation "children," and by its termination of Melvin's obligation to name his minor children as beneficiaries of any additional policy acquired prior to the youngest child reaching twenty-one (21). Certainly, these two factors compel the conclusion the dissolution court included the subject life insurance provision as a mechanism to secure child support.[1]

---

1. IC 31–1–11.5–15 (1988) empowers a trial court to provide security to "secure the obligation to make child support payments."

However, the most compelling factor supporting the trial court's resolution of this issue is Indiana law: A dissolution court is not authorized by case law or statutory law to award children of the marriage any interest in the marital property.

Our legislature has specifically set forth in the Indiana Code the guidelines to be followed by our courts in dissolution cases. *See* I.C. § 31-1-11.5-1. Presently, the statutes make no provision for disposition of a portion of the marital property to the children....

* * * *

We are unpersuaded to add a provision to this statute which the legislature clearly chose not to include. To do so would undermine the authority and intent of our legislative body. There is no authority by statute or case law to award the parties' children a portion of the marital estate.

*Gower v. Gower* (1981), Ind.App., 427 N.E.2d 703, 708. Therefore, the dissolution court could not have awarded the children any interest in the subject life insurance policy separate and apart from using it as security for child support.

This conclusion assists in the determination of the next issue—the duration of the obligation. It logically follows that the termination of the obligation imposed by a provision securing a child support obligation by an interest in life insurance benefits coincides with the termination of the child support obligation. *See, e.g., Fitzgerald v. Travelers Ins. Co.* (1991), Ind.App., 567 N.E.2d 159, 162 (drawing parallels between awarding an interest in life insurance as part of division of marital assets and awarding an interest in life insurance to secure child support); *Kirk v. Kirk* (1982), Ind.App., 434 N.E.2d 571, 574 (a provision in a dissolution decree to secure support for the children, "[b]eing in the nature of support ... could be modified under the same circumstances as any support award.").

Pursuant to IC 31-1-11.5-12 (1991 Supp.), child support obligations, except for educational needs and support for an incapacitated child, terminate upon a child attaining twenty-one (21) years of age, or upon their earlier emancipation. Melvin's three children were emancipated at the time of Melvin's death—Keith and William were emancipated by law (having attained the age of twenty-one), and Teresa was emancipated by judicial determination.[2] Because the intent and purpose of the provision that Melvin designate his minor children as beneficiaries of his existing life insurance policy terminated upon their emancipation, the trial court did not err in awarding the proceeds from Melvin's life insurance policy to Evadean.

Judgment affirmed.

SULLIVAN and BARTEAU, JJ., concur.

---

**2.** None of Melvin's children were incapacitated nor the beneficiary of an order for educational needs.