BARBARA BLESCH, TRACIE RHODES And JENNIFER ROGERS, Appellants-Defendants,
v.
AMERICAN GENERAL LIFE INSURANCE CO., Appellee-Plaintiff.
No. 82A05-0512-CV-701.
Court of Appeals of Indiana.
December 12, 2006.
ADRIA S. PRICE, Santa Claus, Indiana, ATTORNEYFOR APPELLANTS.
STEVE S. HOAR, Evansville, Indiana, DANIEL J. McMAHON, JASON M. KUZNIAR, Chicago, Illinois, ATTORNEY FOR APPELLEE.

MEMORANDUM DECISION
GARRARD, Senior Judge.
Blesch, Rhodes and Rogers (Blesch) commenced this action by filing a complaint against American General Life Insurance Co. (American) seeking recovery under a life insurance contract that had belonged to her former husband. American moved to dismiss pursuant to Ind. Trial Rule 12(B)(6), and the trial court granted the motion. When Blesch did not plead over, final judgment of dismissal was entered. This appeal followed.
The facts alleged in the complaint[1] disclose that Blesch had been married to Michael Bitz, and they had two children: Tracie, born March 5, 1976 and Jennifer, born October 11, 1977.
In March 1985 Bitz applied for life insurance with Franklin Life Insurance Company, including riders for coverage for his spouse and children. Bitz identified himself as the proposed insured and owner with his wife as primary beneficiary. In addition, Bitz applied for a spousal rider naming himself as primary beneficiary, and a child rider on the lives of Tracie and Jennifer, naming himself and Blesch as primary beneficiaries. In June 1985 Franklin issued a whole life insurance policy to Bitz as insured in the face amount of $25,000, along with term insurance riders on Blesch and the two children.
In December, 1989, Bitz and his wife executed a property settlement agreement, and on April 17, 1990, a default decree of dissolution of marriage was entered. In that decree no mention was made of the property settlement agreement. The court, however, ordered Bitz to pay child support in the amount of $1050 per month and medical, health, dental, pharmaceutical, hospital, optometrical and orthodontia expenses incurred on behalf of the minor children, Tracie M. Bitz and Jennifer G. Bitz. It also ordered:
12. That all life insurance currently in force through Franklin Life Insurance Company covering the life of the Husband, Wife and the parties' minor children, TRACIE M. BITZ, and JENNIFER G. BITZ, will be kept in force and up-to-date with no modifications without the written consent of both parties and the Husband shall be responsible for and shall pay the premiums for said policies and shall hold the wife harmless therefrom. 13. That the parties' minor children, TRACIE M. BITZ and JENNIFER
G. BITZ, will be and shall remain beneficiaries to all commercial life insurance policies, government life insurance policies and government pension funds which belong to, pertain to, or cover the life of Husband in effect at this time.
By letter in September, 1990, Blesch wrote to Gale Craig at Franklin stating that she understood Bitz was attempting to remove the spousal rider from the Franklin policy. She inclosed a copy of the dissolution decree and pointed out that Bitz could not make any changes to the policy without her consent.
Ms. Craig responded in writing stating that the copy of the divorce decree would be on file and Bitz would be unable to make any changes "without your written consent in compliance with the divorce".
Bitz died, a resident of Kentucky, on May 3, 2003. Blesch alleges that American is successor to Franklin and that they notified American about June 2, 2003 of their interest in the Franklin policy. A few days later American notified them that Bitz had surrendered the policy on February 9, 2001. At the time of surrender both Tracie and Jennifer were over twenty-one and emancipated.
Blesch commenced this action alleging breach of a fiduciary duty and breach of contract.

Decision
Our supreme court recently addressed the status of beneficiaries under insurance policies in Cain v. Griffin, 849 N.E.2d 507 (Ind. 2006). The court held that such parties were third party beneficiaries of the insurance contract and, as such, might sue on the contract, but they were not in a fiduciary relationship so that the third-party beneficiary might sue in tort for breach of fiduciary duty. 849 N.E.2d at 515. The impact of that holding is not altered by the exchange of letters between Blesch and Craig. Accordingly, Blesch's action for breach of fiduciary duty necessarily fails and that claim was properly dismissed.
We turn then to the question of whether Blesch has stated a claim under contract theory.
Assuming arguendo that Blesch might establish consideration and an estoppel resulting from the exchange of letters, might Blesch prevail on the claim that American breached the contract by permitting Bitz to surrender the policy?
This court dealt with a similar issue in Bainter v. Bainter, 590 N.E.2d 1134, (Ind. Ct. App. 1992). In that case the Bainters were divorced in 1981 and part of the dissolution decree required the husband to pay child support and medical care for his minor children. The order also required him to "name his minor children as beneficiaries under any life insurance policy presently in force or which he shall obtain prior to his youngest child reaching the age of twenty-one".
The husband remarried and thereafter changed the beneficiary on a life insurance policy that had existed at the time of the dissolution to his new wife.
At a hearing in July, 1984, the court determined that the youngest child, then nineteen, was emancipated and the two older children, age 21 and 22 were emancipated by operation of law.
The husband died in November, 1984. The life insurance company paid the policy proceeds to the second wife, and the children sued her to recover the proceeds.
The issue on appeal was the correct interpretation of the provision in the dissolution decree that required the husband to name his minor children as beneficiaries under his existing life insurance policies.
Judge Shields, writing for the court, held that the designation of the beneficiaries as the minor children led to the conclusion that the life insurance provision was a mechanism to secure child support. 590 N.E.2d at 1136. The court said that the most compelling factor supporting this conclusion was that a dissolution court is not authorized by statute or case law to award to the parties' children a portion of the marital estate.[2] 590 N.E.2d 1137. Thus, the court affirmed the decision in favor of the second wife and held that the obligation to maintain the children as beneficiaries expired when the children became emancipated or adults.
Attempting to avoid the application of Bainter, Blesch points to Kiltz v. Kiltz, 708 N.E.2d 600 (Ind. Ct. App. 1999) for the proposition that by property settlement agreement the parties may award life insurance benefits to the adult children of divorcing parties. While we agree with the proposition, Kiltz has no direct application here. In Kiltz there was no award of child support, the children were all adults at the time of the dissolution and the court expressly approved the property settlement agreement and incorporated it into the decree.
Blesch urges that Kiltz should apply because she and Bitz had a property settlement agreement that included provisions about the life insurance. We disagree.
Admittedly, the property settlement agreement was not furnished to Franklin. Accordingly, while provisions of the agreement might arguably create a claim against the estate of Bitz, they cannot impose or change the obligations of a third party, Franklin, who had no notice of their existence. The dissolution decree made no reference to any property settlement agreement. It ordered child support for the minor children, and ordered maintenance of the life insurance for the benefit of the minor children.
The terms of Blesch's dissolution decree fall squarely within the mandate of Bainter. As such, the life insurance provisions were intended to secure payment of the support obligation, and their requirements terminated on emancipation of the children. Under the terms of the decree, Blesch would have no viable claim against the insurer for permitting Bitz to surrender the policies after the children reached majority and were emancipated. It follows that the trial court properly ordered dismissal of the complaint for failure to state a claim.
Affirmed.
MATHIAS, J., and CRONE, J., concur.
NOTES
[1] Many of the facts are drawn from the attachments to the complaint.
[2] The statute today remains the same. I.C. XX-XX-X-X.