

I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 23S-DN-245

## Bradley Cooley,
*Appellant*



FILED

Mar 20 2024, 2:06 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

–v–

## Shelly Cooley,
*Appellee*

---

Argued: October 31, 2023 | Decided: March 20, 2024

Appeal from the Morgan Superior Court
No. 55D03-2108-DN-1213
The Honorable Sara Dungan, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 22A-DN-1202

---

**Opinion by Chief Justice Rush**

Justices Massa, Slaughter, Goff, and Molter concur.

**Rush, Chief Justice.**

Among the many issues trial courts must resolve in dissolution cases is ensuring each party receives a fair and equitable distribution of the marital estate. But divorces can run the gamut from amicable to acrimonious. When a divorce falls toward the latter end of that spectrum, as is the case here, Indiana law provides courts with useful tools to secure each party's share.

The trial court here used one such tool to secure a wife's portion of her husband's police pension—the bulk of the marital estate. Throughout the case, the husband defiantly claimed his wife was not entitled to any of his pension and that he would likely ignore any court order to that effect. In response, the court ordered the husband to obtain and subsidize a life insurance policy to ensure the wife received her share. The husband now challenges the trial court's authority to do so and argues the court erred by not considering the tax consequences of his future pension payments.

We affirm. Trial courts have broad statutory authority to order a security or other guarantee, when necessary, to secure the division of property. And here, we hold the court's evidence-based findings support its judgment requiring the husband to obtain and subsidize a life insurance policy. We then hold the husband has waived his tax-consequences challenge.

## Facts and Procedural History

Shelly Cooley ("Wife") and Bradley Cooley ("Husband") had been married for nearly twenty-six years when Wife petitioned for dissolution on August 11, 2021. Early in the marriage, Husband started a career with the Morgan County Sheriff's Department and enrolled in its retirement plan. Wife also worked throughout the marriage, but, as the couple agreed, she took lower-paying jobs close to home so that she could care for their children. When Wife filed for divorce, Husband was eligible to retire and receive benefits but continued working. At that time, his police pension had a market value of $1,101,110.82, constituting over 85% of the $1,257,934.96 marital estate.

Because Husband's pension could not be divided through a qualified domestic relations order, the parties' stipulated marital balance sheet proposed an equal distribution of assets that awarded the pension to Husband and an equalization payment to Wife. Yet both in and out of court, Husband persistently stated he was not willing to share his pension with Wife. As a result, Wife expressed concern that she "will get nothing and he will pay me nothing." So she asked the trial court to order Husband to make monthly payments and obtain a life insurance policy that named her as owner and beneficiary. Husband acknowledged his pension benefits accrued during the marriage, but he did not believe Wife was entitled to half of them. Husband even testified that, to keep Wife from receiving any of the benefits, he might ignore a court order requiring him to alert Wife of his retirement and make payments to her. And in response to Wife's life insurance request, Husband conveyed that he would only comply with such an order if he got "to name the beneficiary."

The trial court issued an order granting Wife's dissolution petition and awarding each party an equal portion of the marital estate, resulting in a $475,043.29 equalization payment owed to Wife:

|  | To Wife | To Husband |
|---|---|---|
| Total Assets to Party: | $167,704.00 | $1,124,565.68 |
| Total Debts to Party: | $13,779.81 | $20,554.91 |
| Subtotal: | $153,924.19 | $1,104,010.77 |
| Equalization Payment: | $475,043.29 | ($475,043.29) |
| TOTAL DISTRIBUTION: | $628,967.48 | $628,967.48 |
| Net percentage award: | 50% | 50% |

Because Husband did not have the liquid assets to make the equalization payment in full, the court ordered Husband to pay Wife $400 monthly until he retired and then, upon retirement, pay her half of his monthly pension benefit calculated through the date she filed for divorce. The court also found that Husband disagreed with "any equalization payment" and that he "may not even follow a Court Order directing his pension benefits to Wife." Thus, "to provide some assurance the Wife will receive her share of the marital estate," the court ordered Husband to obtain a $475,000 life insurance policy, with Wife as the policy's owner and beneficiary. Wife was required to pay the insurance premiums, which

would be added to the equalization payment. But the court permitted the parties to lower the policy's value over time to reflect the balance due based on Husband's required monthly payments. And once Wife received the equalization balance due to her, both the life insurance policy and Husband's monthly payments would end.

Husband appealed, and the Court of Appeals affirmed in part, reversed in part, and remanded with instructions. *Cooley v. Cooley*, 209 N.E.3d 11, 15 (Ind. Ct. App. 2023). Wife petitioned for transfer, which we granted, vacating the Court of Appeals' opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Because the trial court issued findings of fact and conclusions of law, the judgment will be set aside only if it is clearly erroneous. Ind. Trial Rule 52(A). Without reweighing the evidence or reassessing witness credibility, we determine whether the evidence supports the court's findings and, if so, whether those findings support its judgment. *See, e.g.*, *S.D. v. G.D.*, 211 N.E.3d 494, 497 (Ind. 2023). As for Husband's argument that the court lacked authority to require him to obtain and subsidize life insurance, resolving this issue requires statutory interpretation, which we conduct de novo. *In re Howell*, 27 N.E.3d 723, 726 (Ind. 2015).

## Discussion and Decision

In divorce proceedings, the marital estate includes property owned by either spouse before the marriage, acquired by their joint efforts, or acquired by either spouse after the marriage and before the dissolution petition is filed. Ind. Code § 31-15-7-4(a); I.C. § 31-9-2-46. A trial court must then divide the marital estate "in a just and reasonable manner," which can be accomplished by giving property to one spouse and requiring the other "spouse to pay an amount, either in gross or in installments, that is just and proper." I.C. § 31-15-7-4(b). An equal division of the property is presumptively just and reasonable. *Id.* § -5. And in entering an order dividing the marital estate, a court can "provide for the security, bond, or other guarantee that" it finds satisfactory "to secure the

division." *Id.* § -8. A court must also "consider the tax consequences of the property disposition." *Id.* § -7.

This case turns on the application of these statutes to Husband's government pension—the bulk of the marital estate. Often, pension benefits can be assigned through a qualified domestic relations order (QDRO), which streamlines the division of marital property in dissolution actions by requiring plan administrators to pay the benefits directly to a former spouse. 29 U.S.C. § 1056(d); *Pond v. Pond*, 700 N.E.2d 1130, 1134 n.8 (Ind. 1998). But governmental plans, such as Husband's police pension, cannot be divided through a QDRO. *Kendrick v. Kendrick*, 44 N.E.3d 721, 725–26 (Ind. Ct. App. 2015), *trans. denied*; *see also* I.C. § 36-8-10-19(a). When faced with these plans, courts have several options, including distributing the pension to the earning spouse and requiring that spouse to pay the other in installments until they receive their share of the marital estate. *Kendrick*, 44 N.E.3d at 726–27; I.C. § 31-15-7-4(b)(2). The trial court here did just that by awarding the pension to Husband and ordering him to make an equalization payment in installments to Wife. And to ensure Wife received that payment, the court ordered Husband to obtain and subsidize a life insurance policy naming her as the owner and beneficiary.

Husband claims that the court erred in two ways. He first alleges the court lacked the authority to order him to obtain life insurance and subsidize the policy. And he also contends the court erred by not considering the tax consequences of the monthly payments he will be required to make to Wife once he begins collecting his pension. We disagree on both points.

## I. The trial court had the authority to require Husband to obtain life insurance to secure the division of property.

When entering a dissolution decree, a trial court "may provide for the security, bond, or other guarantee that is satisfactory to the court to secure the division of property." I.C. § 31-15-7-8. This statutory language provides courts with "the broadest possible discretion in requiring

security." *Birkhimer v. Birkhimer*, 981 N.E.2d 111, 127–28 (Ind. Ct. App. 2012) (quoting *In re Marriage of Davis*, 395 N.E.2d 1254, 1259 (Ind. Ct. App. 1979)). Tracing the statute's origins and prior interpretation confirms its breadth.

Until 1997, Indiana Code section 31-1-11.5-15 gave trial courts the authority to use "security, bond or other guarantee" to secure a child-support obligation and a property division. 1973 Ind. Acts 1585, 1594 (enacting the statute); 1997 Ind. Acts 1, 555 (repealing the statute). Our Legislature then used this same language when it replaced Section 31-1-11.5-15 with two statutes that give courts the same authority. I.C. § 31-16-6-5 (child-support obligation); I.C. § 31-15-7-8 (property division). And we previously recognized that there are "many forms" of security or other guarantees from which a court can choose to protect a party's share of the property. *Franklin Bank & Tr. Co. v. Reed*, 508 N.E.2d 1256, 1259 (Ind. 1987). Here, we must consider whether life insurance is one such form.

Because Section 31-15-7-8 does not define "security, bond, or other guarantee," we construe these terms "in their plain, or ordinary and usual, sense." I.C. § 1-1-4-1(1). Doing so, we hold that ordering a party to obtain life insurance is a "security" or "guarantee" since it ensures the other party will receive their share of the marital estate. *Security*, Merriam-Webster's Dictionary, https://www.merriam-webster.com/dictionary/security (last visited Mar. 20, 2024) (defining "security" as "something given, deposited, or pledged to make certain the fulfillment of an obligation"); *Guarantee*, Merriam-Webster's Dictionary, https://www.merriam-webster.com/dictionary/guarantee (last visited Mar. 20, 2024) (defining "guarantee" as "an assurance for the fulfillment of a condition"); *see also Bainter v. Bainter*, 590 N.E.2d 1134, 1136 & n.1 (Ind. Ct. App. 1992).

And here, the trial court's evidence-based findings support its judgment requiring Husband to obtain and subsidize a life insurance policy for Wife's benefit. Husband's consistent defiance necessitated this security or guarantee. Indeed, the court found that Husband "disagrees with . . . any equalization payment" and that he "may not even follow" a court order requiring him to direct his pension benefits to Wife. The

evidence thoroughly supports these findings. Text messages introduced at the dissolution hearing revealed Husband told Wife, "I'm not paying another guys [sic] way through life," and he suggested "neither of us will get it." Wife also testified that Husband told her several times that she "was not entitled to any of his retirement" and that he might disavow the benefits entirely to keep her from receiving them. Consistent with those statements, Husband testified he did not believe Wife was entitled to half of the pension, as it was not his job to provide for Wife "for the rest of her life." Husband also responded "I don't know" when asked whether he would comply with a court order requiring him to tell Wife when he retires. And when questioned further if he would "actually ignore" a court order, Husband stated, "It's possible."

Based on this evidence, the trial court required Husband to name Wife as the owner and beneficiary of the life insurance policy and make her responsible for the premiums, which would then be added to the equalization payment. Without these conditions, Husband could unilaterally change the policy or cause it to lapse by not timely paying the premiums. And it was Husband's concerning statements and conduct that required the court to secure Wife's share through the policy that Husband would subsidize. Thus, the life insurance arrangement is not alimony as Husband alleges but rather reflects the court's broad authority under Section 31-15-7-8 to secure Wife's share of the marital estate. And contrary to Husband's claim, requiring him to subsidize the policy does not increase the value of the marital estate. Indeed, debts incurred by one party after the petition for dissolution is filed are generally not included in the marital estate. *Johnson v. Johnson*, 181 N.E.3d 364, 374 (Ind. Ct. App. 2021).

Overall, Section 31-15-7-8 provides our trial courts with a range of tools to ensure that each party in a divorce receives their share of the marital estate. Included in these tools is requiring a spouse to obtain and subsidize a life insurance policy as a security or guarantee to secure the distribution. The trial court here used this tool, and its evidence-based findings amply support its decision. We now consider Husband's argument that the court erred by not considering the tax consequences of his monthly pension payments to Wife once he retires.

## II. Husband waived his argument that the trial court erred by failing to consider his tax consequences.

When dividing property in a divorce proceeding, trial courts must "consider the tax consequences of the property disposition with respect to the present and future economic circumstances of each party." I.C. § 31-15-7-7. By this plain language, a court need only consider the tax consequences of "the property disposition," or those that are immediate and "necessarily incurred." *Harlan v. Harlan*, 544 N.E.2d 553, 555 (Ind. Ct. App. 1989), *aff'd*, 560 N.E.2d 1246 (Ind. 1990). Thus, if a party fails to provide evidence of immediate and direct tax consequences, that party cannot argue that the court erred by not considering them—the issue is waived. *See Hardin v. Hardin*, 964 N.E.2d 247, 254 (Ind. Ct. App. 2012); *see also Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013) (recognizing that "appellate review presupposes that a litigant's arguments have been raised and considered in the trial court").

Husband argues that the trial court erred by not considering that he "will have to pay taxes on" his monthly pension benefit in requiring him to pay half that amount to Wife once he retires. We acknowledge Husband testified that he would have to pay taxes on these distributions, but he merely guessed that his tax rate "could be" ten percent. He did not provide the court with any definitive evidence of what his actual or potential tax consequences will be when he retires and begins receiving his monthly distributions. And a trial court cannot manufacture a party's tax consequences based on such conjecture or "speculative possibilities." *Harlan*, 544 N.E.2d at 555. Because that is all the court was presented with here, Husband waived this issue.

## Conclusion

Indiana Code section 31-15-7-8 provides trial courts with the authority to order a party to obtain life insurance—a form of security or guarantee—when necessary to ensure the other party receives their share of the marital estate. Here, the trial court's findings support its judgment ordering Husband to obtain and subsidize a life insurance policy to secure

Wife's distribution. And Husband waived his argument that the court erred by not considering his tax consequences. Accordingly, we affirm.

Massa, Slaughter, Goff, and Molter, JJ., concur.

ATTORNEY FOR APPELLANT
Glen E. Koch II
Boren, Oliver & Coffey, LLP
Martinsville, Indiana

ATTORNEY FOR APPELLEE
Michael A. Ksenak
Ksenak Law Firm
Martinsville, Indiana